[L. A. No. 10039. In Bank.—February 13, 1928.]

SUPERIOR WHEELER CAKE CORPORATION (a Corporation), Petitioner, v. THE SUPERIOR COURT IN AND FOR THE COUNTY OF LOS ANGELES et al., Respondents.

Charles H. Goebel for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

PRESTON, J.—This is a proceeding in *mandamus* to compel the Superior Court of the County of Los Angeles to entertain an appeal regularly taken thereto from a justice's court while sitting as a small claims court in said county under the provisions of sections 927–927p of the Code of Civil Procedure.

Admittedly the sole question involved is the validity of so much of section 927j of the Code of Civil Procedure as provides for an appeal by defendant but makes the judgment in the court below conclusive upon the plaintiff. The section in this behalf reads: "The judgment of said court

shall be conclusive upon the plaintiff. If the defendant is dissatisfied, he may, within five days from the entry of said judgment against him, appeal to the superior court of the county in which said court is held. . . . '' If this provision is valid, the writ of mandate should issue (*Golden Gate Tile Co.* v. *Superior Court*, 159 Cal. 474 [114 Pac. 978]; *Edwards et al.* v. *Superior Court*, 159 Cal. 710 [115 Pac. 649]; *Peacock* v. *Superior Court*, 163 Cal. 701 [126 Pac. 976]).

The contention of respondent is that the fourteenth amendment to the constitution of the United States, which guarantees to every person the equal protection of the law, has been violated by this section, as well as article I, section 11, of the constitution of California, which requires that laws of a general nature shall have a uniform operation, and article IV, section 25 thereof, which prohibits the legislature from passing special laws regulating the practice of courts of justice. The contention, in short, is that a discrimination results by withholding the right of appeal from plaintiff while conceding it to defendant. ■ The right of appeal is statutory and may be granted or withheld and, if given, is valid, provided the above-mentioned safeguards in the constitution are not overthrown (*Estate of McPhee*, 154 Cal. 385 [97 Pac. 878]).

■ A word of explanation as to the structure and operation of the small claims court will be profitable at this point. The court is presided over by a justice of the peace and is a summary method of expediting causes where the amount involved is fifty dollars and less and arises upon a claim against a party residing in the township where the action is filed. The ordinary jurisdiction of the justice's court is in nowise changed. A cumulative remedy only is given to the plaintiff in certain classes of cases. If a plaintiff desires the advantages of this abbreviated procedure he must lodge with the justice of the peace an affidavit setting forth the nature and amount of the claim, the fact that a demand for payment has been made, and the name and residence of the party indebted to him. With this affidavit as a basis, the court makes an order fixing date and place of hearing and notifying the defendant to appear at said time and place with books, papers, and witnesses needed in his

defense, the time for appearance to be not less than five nor more than fifteen days from date of the order. Service of the order, which takes the place of summons, is made personally or by mail. Upon the hearing date the cause is heard informally without the presence of attorneys on either side and without formal pleadings. Writs of attachment and garnishment are denied the plaintiff also. After the informal hearing judgment is entered as in other cases.

Thus it will be seen that a quick and inexpensive method of trial and judgment is provided largely in the interest of complaining plaintiffs; that the right of jury trial is denied the defendant in such cases and service by mail upon him is deemed sufficient without actual personal notice. These and perhaps other things are present showing the advantage plaintiff may have or may think he has over the defendant by resorting to this special remedy. The plaintiff, in other words, comes under the yoke of this system voluntarily, but the defendant comes thereunder only by the strong arm of the law. The parties, therefore, do not enter the forum upon equal terms. If the plaintiff does not feel that he will be benefited by the procedure, he has the alternative of entering the regular jurisdiction of the justice's court, where the right of appeal is equal and reciprocal. Having this unmistakable choice in the premises, we fail to find discrimination within the meaning of any of said constitutional provisions. The advantage voluntarily accepted must be held a complete compensation for the loss of the right of appeal.

This is not a case where the plaintiff enters the court upon equal terms with defendant, as was held in *Hecker* v. *Illinois C. R. Co.*, 231 Ill. 574 [83 N. E. 456, 458]. It is rather more like in principle the case of *Sanitary District* v. *Bernstein*, 175 Ill. 215 [51 N. E. 720] (cited in the Hecker case), which involved certain provisions of the Eminent Domain Act, which authorized allowance to the defendant of an attorney's fee upon dismissal of the proceeding by petitioner. The court held the distinction reasonable, saying, among other things: "Every citizen has an equal right with every other to resort to the courts of justice for the settlement and enforcement of his rights, and it is true that a discrimination between different classes of

litigants, which is merely arbitrary in its nature, is a denial of that right and of the equal protection of the law. If, however, there be a reasonable ground of distinction, so that the discrimination does not appear to be purely arbitrary or evasive of constitutional rights, we think that the legislature has a discretion to impose conditions or restrictions which they may deem in furtherance of justice. That discretion cannot be controlled by the courts, but its exercise must be left to the wisdom and sense of justice of the legislature.''

A provision similar to the one above referred to is found in our own eminent domain proceedings (Code Civ. Proc., sec. 1255a). The validity of this provision was before the court and exhaustively treated in *City of Sacramento* v. *Swanston,* 29 Cal. App. 212 et seq. [155 Pac. 101], to which reference may be had by those desiring to further pursue the subject. (See, also, to the same effect, *Silver Lake etc. Irr. Co.* v. *Los Angeles,* 32 Cal. App. 123 [162 Pac. 432].)

◼ It may be summed up in a word that laws which are designed to apply to or operate upon a certain class of persons only are valid if it can be seen that the legislature was warranted in finding some natural, intrinsic, or constitutional distinction between the class so legislated about and other classes (*City of Pasadena* v. *Stimson,* 91 Cal. 238, 251 [27 Pac. 604]). In *Mordecai* v. *Board of Supervisors,* 183 Cal. 434, 438 [192 Pac. 40, 41], it is said: ''The meaning and effect of the provision of our Constitution requiring uniformity of operation on the part of general laws have been before our courts on numerous occasions, and the general rule applicable is too plain and too well established to require or to justify a discussion of the authorities. The many times reiterated statement of our decisions is that, while the requirement that a general law must have a uniform application does not mean that it must have a universal operation, and it is valid if it applies alike to all persons or objects within a class—or, what is the same thing, there is excepted from its operation a class—founded upon some 'natural, intrinsic, or constitutional distinction,' yet if the statute operates only upon a class, or there is excepted from its operation a class, not founded upon a 'natural, intrinsic, or constitutional distinction,' its opera-

tion is not uniform, and it is discriminatory legislation of the sort which the Constitution purposed to prohibit and is invalid.''

A case somewhat similar to the instant case as to facts is *Cecill* v. *Grant*, 27 Ohio C. C. 442, where an appeal was provided for defendant upon a motion to discharge an attachment, but was denied to plaintiff in the same action, plaintiff having only the right of review by proceedings in error. The court in that case said: ''What specific article of the constitution is thus violated is not pointed out, but counsel has intimated that in some way section 1, article I of the bill of rights is violated. That by the statute referred to classes of citizens, to-wit, defendants in attachment cases, have certain rights, privileges and remedies which are denied to other classes of citizens, to-wit, plaintiffs in attachment cases. We apprehend, however, that no classes of citizens are thus created or favored; rather, the legislature has seen fit to regulate, according to a plan of its own, the various methods by which the rulings of justices of the peace in a certain class of cases, and in certain contingencies, may be reviewed. As the right to have any judgment or order reviewed, either on error or by appeal, is wholly a statutory right, there can be no constitutional objection to the method provided therefor in attachment cases by the statute under consideration.''

It should be noted that we have not here before us the question as to the validity of so much of said section 927j as provides for the imposition of the sum of fifteen dollars as an attorney's fee in the event judgment of the court below is affirmed. The conclusions above announced render unnecessary a consideration of the question as to whether the small claims court is an independent court or is only a constituent part or department of the justice's court.

Let the writ issue as prayed for.

Curtis, J., Shenk, J., Richards, J., Seawell, J., Waste, C. J., and Langdon, J., concurred.