334 P.2d 1074]

Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 9616.   Jan. 12, 1959.]

WILLIAM H. THOMPSON, Appellant, v. VINCENT CHEW QUAN, Respondent.

Robert H. Powsner for Appellant.

Goebel & Donovan for Respondent.

DAVID, J.—Quan unsuccessfully sued plaintiff Thompson for damages arising from an automobile collision in the small claims court. The plaintiff Thompson later sued Quan in the municipal court for his damages from the collision, amounting to $191.31 for property damage and an additional $180 for loss of use of his automobile. Plaintiff was denied recovery upon the sole ground that he had not counterclaimed for such items in the small claims court action, and appeals.

If by Code of Civil Procedure, section 117h, the operation of Code of Civil Procedure, section 439 bars counterclaims not asserted in the small claims courts, it is limited to counterclaims "within their jurisdiction." Plaintiff's claim exceeds the $150 jurisdiction of that court. Thus it was not mandatory under Code of Civil Procedure, section 439, that he counterclaim. While plaintiff's claim arises out of the same transaction, it constitutes a separate cause of action, upon which he may bring a separate action. (*Todhunter* v. *Smith* (1934), 219 Cal. 690, 694 [28 P.2d 916].) In that case, involving the jurisdictional relationships between the municipal and the superior court, it was stated, the one having the cross-demand "may permit the action in the inferior court to go to judgment. If he adopts this course the final judgment of the inferior court, although not a complete bar to subsequent prosecution in the superior court of his cause of action arising from the same accident, is nevertheless conclusive and binding upon him insofar as the subsequent action involves issues adjudged and determined in the prior action."

This rule of res judicata, while applied in reference to proceedings in all other courts and some administrative bodies, was later expressly negatived in reference to small claims court proceedings. In *Sanderson* v. *Niemann* (1941), 17 Cal. 2d 563, 573 [110 P.2d 1025], applying Code of Civil Procedure, section 117j, it was recognized that as to a plaintiff, a small claims court judgment is final and res judicata. But it was held that the small claims court judgment was neither an estoppel nor res judicata on the issues of negligence or contributory negligence upon trial of a cross-demand prosecuted in another court.

In *Todhunter* v. *Smith, supra,* 219 Cal. 690, it was indicated that one having a cross-demand to a claim prosecuted in the small claims court in an amount exceeding its jurisdiction, could enjoin the proceeding, or separately litigate the claim. This perhaps contemplated the filing of the action on the claim in a court which could issue a restraining order, pendente lite, rather than institution of a formal injunction proceeding. Following this case, Code of Civil Procedure, section 117r, was added to the code in 1933, providing that at, or before trial of the small claims court action the one having a cross-demand exceeding $100 "may commence an action against said [small claims] plaintiff in a court of competent jurisdiction," file an affidavit to that effect, and secure transfer of the small claims action to such court, for consolidation with that which he had commenced.

Ordinarily, the word "may" is permissive and not compulsive. (*In re Williamson* (1954), 43 Cal.2d 651, 655-656 [276 P.2d 593] ; *Realty Construction & Mortgage Co.* v. *Superior Court* (1913), 165 Cal. 543, 546 [132 P. 1048] ; *Ostrander* v. *City of Richmond* (1909), 155 Cal. 468, 470 [101 P. 452] ; *Marshall* v. *Foote* (1927), 81 Cal.App. 98, 102-103 [252 P. 1075] ; *Chaney* v. *Los Angeles County etc. Retirement Board* (1943), 59 Cal.App.2d 413, 415 [138 P.2d 735].) In view of the judicial and legislative history, we find nothing in the code provisions or the situation to impel the construction of "may" as "must." Had any other construction been thought controlling, it most assuredly would have been considered in *Sanderson* v. *Niemann, supra,* 17 Cal.2d 563 [110 P.2d 1025].

There is a policy, on the one hand, that all causes of action arising from one transaction be tried in a single action in a single court. On the other hand, there is a definite public policy to maintain and operate an informal court for small claims, (*Sanderson* v. *Niemann, supra,* 17 Cal.2d 563 [110 P.2d 1025]), and it is for the legislature to balance such policies where they conflict, as they do here.

We conclude that Code of Civil Procedure, section 117r, does not operate to bar cross-claims not asserted in the manner therein permitted, particularly as Code of Civil Procedure, section 117h, makes mandatory only such counter-claims as are within the jurisdictional $150 limit in the small claims court, thus limiting Code of Civil Procedure, section 439, as applied to such inferior court.

The judgment is reversed.

Bishop, P. J., and Swain, J., concurred.