[L. A. No. 29465. In Bank. Jan. 17, 1968.]

GEORGE SKAFF, Plaintiff and Appellant, v. SMALL
CLAIMS COURT FOR THE LOS ANGELES JUDI-
CIAL DISTRICT OF LOS ANGELES COUNTY et al.,
Defendants and Respondents.

Silverton & Silverton, Lester A. Berman and Ronald R. Silverton for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, Donald K. Byrne and Ronald D. Aubert, Deputy County Counsel, for Defendant and Respondent court.

No appearance for Defendant and Respondent corporation.

TOBRINER, J.—George Skaff filed an action in the small claims court, a division of the Municipal Court of the City of Los Angeles, against the Holiday Car Leasing Corporation, seeking recovery of $250[1] which he allegedly extended to Holiday as a deposit for the delivery of a 1965 Chevrolet Impala Coupe automobile. Holiday counterclaimed against Skaff for $175, the amount allegedly due for rental and insurance coverage of a 1964 Chevrolet Impala Coupe automobile that Holiday had leased to Skaff. After a hearing on July 19, 1965, the judge of the small claims court denied plaintiff's complaint but awarded Holiday a $175 judgment on its counterclaim.

Skaff in due time attempted to appeal from the judgment. After the clerk of the small claims court advised him that he had no right of appeal, Skaff, on September 16, 1965, filed a petition in the Superior Court of Los Angeles County for a writ of mandate to compel the respondent small claims court to permit the filing of the appeal. The superior court denied the writ on September 21, 1965, and the Court of Appeal affirmed.

Although Skaff sought no relief in this court, probably because of the small amount in controversy, we granted a hearing on our own motion (Cal. Rules of Court, rule 28(a))

---

[1]At the time of Skaff's suit the jurisdictional limit on claims triable before the small claims court was $200. (Code Civ. Proc., § 117.) But since Skaff's oral acknowledgment at the hearing of a $100 debt to Holiday constitutes a waiver of part of his claim, the small claims court could properly revise the amount sought in the complaint rather than desist from the assertion of jurisdiction. ''In any case where the lack of jurisdiction is due solely to an excess in the amount of the demand, the excess may be remitted and the action may continue in the court where it is pending.'' (Code Civ. Proc., § 396.) Section 396 is particularly efficacious in actions in small claims courts. Even a party who asserts a demand for more than the jurisdictional limits of a small claims court will often benefit financially by sacrificing part of the claim to avoid the expense and delay of prosecution through municipal or justice courts.

to decide a novel and important question in the day-to-day operations of small claims courts. Specifically, we must decide whether the party who initially brings an action in the small claims court may appeal from an adverse judgment on the opposing party's counterclaim or cross-complaint.

Section 117j of the Code of Civil Procedure, which provides for appeals from the judgment of small claims courts, reads as follows: ''The judgment of said court shall be conclusive upon the plaintiff. If the defendant is dissatisfied, he may, within 30 days after the date of entry of the judgment, appeal to the superior court of the county in which said court is held.'' ▮ Since a party possesses no right of appeal except as provided by statute (*People* v. *Keener* (1961) 55 Cal.2d 714, 720 [12 Cal.Rptr. 859, 361 P.2d 587]; *Trede* v. *Superior Court* (1943) 21 Cal.2d 630, 634 [134 P.2d 745]; *In re Conley* (1966) 244 Cal.App.2d 755, 759 [53 Cal.Rptr. 321]), the issue before us narrows to whether a party against whom a successful counterclaim has been filed should be regarded as a ''plaintiff'' or a ''defendant'' for purposes of section 117j.

As we shall explain in more detail *infra,* we believe Skaff should be regarded as a ''defendant'' and entitled to appeal from the judgment on the counterclaim for the following reasons: (1) Since decisions of this court characterize a counterclaim as a separate, simultaneous action, the plaintiff in the original action becomes a defendant in the cross-action and acquires the appellate remedies of a defendant; (2) The underlying reasons which support a denial of an appeal to the plaintiff in the prime action do not apply to the cross-action; (3) The denial of an appeal on the counterclaim would tend to discourage the use of the small claims court; (4) The denial of appeal on the counterclaim would pivot the right to appeal upon a fortuity.

Although section 117j is susceptible to differing literal interpretations, the historical characterization of the counterclaim as a separate, simultaneous action supports Skaff's position that he is, for its purposes, a defendant. ▮ In analyzing counterclaims and cross-complaints, this court has recognized that ''these cross-actions . . . are still distinct and independent causes of action, so that when properly interposed and stated the defendant becomes in respect to the matters pleaded by him, an actor, and there are two simultaneous actions pending between the same parties wherein each is at the same time both a plaintiff and a defendant.''

(*Pacific Finance Corp.* v. *Superior Court* (1933) 219 Cal. 179, 182 [25 P.2d 983, 90 A.L.R. 384]. See also *Case* v. *Kadota Fig. Assn.* (1950) 35 Cal.2d 596, 603 [220 P.2d 912].) So interpreted, section 117j would allow Skaff to appeal from the judgment on Holiday's counterclaim.

The reasons for denying a plaintiff the right of appeal on his original demand do not apply to the situation in which the plaintiff has been transformed into a defendant on a counterclaim. In *Superior Wheeler Cake Corp.* v. *Superior Court* (1928) 203 Cal. 384 [264 P. 488], this court posited the constitutionality of the denial to plaintiff of a right of appeal upon plaintiff's choice of this particular forum. Because he elects ''a quick and inexpensive method of trial and judgment'' he forfeits the normal protection of jury trial and appeal; plaintiff ''comes under the yoke of this system voluntarily, but the defendant comes thereunder only by the strong arm of the law.'' (P. 387.)[2] When plaintiff becomes metamorphosed into a defendant the situation is reversed: he does not choose the quick but nonappealable route of recovery; defendant, by filing the counterclaim, does so;[3] plaintiff should no more become the victim of defendant's choice than defendant should become the victim of plaintiff's choice on the original claim.

To lock the plaintiff into a nonappealable judgment of the small claims court on a counterclaim, which may impose a liability upon him in excess of his own original demand, is to discourage litigation in that potentially useful court. Nonappealability of the counterclaim would expose the moving party to the possibility of the conversion of his claim into a

---

[2]The reasoning in *Prudential Ins. Co.* v. *Small Claims Court* (1946) 76 Cal.App.2d 379, 382 [173 P.2d 38, 167 A.L.R. 820], follows this approach. The court rejected a claim that denial of counsel in small claims litigation violated due process, stating that ''informal hearings may be held without the assistance of counsel, as long as the right to appear by counsel is guaranteed in a real sense somewhere in the proceedings. *It is obvious that the plaintiff cannot object,* although he has no right of appeal, *because he has elected to commence the action in the small claims court.* . . . The defendant has no legal cause for complaint because if he is dissatisfied with the judgment of the small claims court he has a right of appeal to the superior court where he is entitled to a trial *de novo.*'' (Italics added.)

[3]The reasoning of *Superior Wheeler Cake Corp.* v. *Superior Court, supra,* 203 Cal. 384, and *Prudential Ins. Co.* v. *Small Claims Court, supra,* 76 Cal.App.2d 379, requires us to focus on whether a party *voluntarily* submits his claim to the small claims court. Thus, in the typical case of a party choosing to advance a counterclaim in the small claims court, the counterclaimant should not be entitled to an appeal from an adverse

quite unexpected adverse judgment which he could neither discharge, because he lacks the funds, nor challenge on appeal. Many potential plaintiffs might prefer to forego legitimate claims rather than invite such risks. By assuring possible claimants that initiation of a case in the small claims court will only impose an irretrievably binding judgment on a cause of action voluntarily submitted to that court, we preserve its usefulness. Since resolution of disputes by small claims courts conserves the resources of both the parties and the state, we seek within the statutory framework to encourage their utilization; our interpretation fulfills that purpose.

Finally, the recognition of plaintiff's right of appeal on a counterclaim avoids a ruling which would pivot that right upon the fortuity of the manner of a party's presentation of his claim: whether he proceeded by an original complaint or by a counterclaim. It avoids the anomaly of awarding to a party a premium—the right of appeal from an adverse judgment—because he had the foresight or good fortune to file a cross-demand in the small claims court rather than an original action.

Respondent attempts to resist this result by arguing that it will give litigants in Skaff's position "two chances to win." Of course this would be true; if the party defending against a counterclaim loses in small claims court and is to enjoy the option of seeking *de novo* review in the superior court, he would have "two chances to win." But respondent's contention fails because the statutory scheme, which provides the right to appeal for "defendants" but denies it to "plaintiffs," rests on the concept that some parties should have two chances to win and others should be bound by the small claims court's decision. Thus, rather than aiding the inquiry, the argument that Skaff should not have the right to appeal because that right would give him two chances to win merely assumes the conclusion to the question at issue.

Respondent secondly contends that allowance to litigants in

judgment on that claim. Certain counterclaims, however, must be advanced in the small claims court or forfeited (Code Civ. Proc., § 117h; *Thompson* v. *Chew Quan* (1959) 167 Cal.App.2d Supp. 825 [334 P.2d 1074]); since "the strong arm of the law," rather than the party's voluntary election, motivates the party in filing these "mandatory" counterclaims, the counterclaimant should retain his right to appeal. In sum, we conclude that either party should be entitled to appeal from an adverse judgment on a claim asserted against him by another party and that the counterclaimant should also be entitled to appeal if his cross-demand is "mandatory."

Skaff's position of the right to appeal will introduce the intricacies of pleading and cross-demands into a proceeding that should be kept simple and straightforward. Although we agree that speedy, inexpensive justice in a court designed essentially for laymen requires simple rules, we cannot rule that respondent makes his case on this single point. Rather, our holding that, for purposes of the right to appeal under section 117j, a party is a "plaintiff" only as to causes of action voluntarily brought by him in small claims court is both easily understood and applied.

The judgment of the Superior Court of Los Angeles County is reversed, and the court is directed to issue a peremptory writ of mandate.

Traynor, C. J., McComb, J., Peters, J., Mosk, J., Burke, J., and Sullivan, J., concurred.