[Civ. No. 25614.   First Dist., Div. Four.   Nov. 14, 1968.]

DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; ELSIE BIGGS, Real Party in Interest.

Thomas C. Lynch, Attorney General, and Dennis M. Eagan, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

Leal A. Grupp and Grupp & Grupp for Real Party in Interest.

DEVINE, P. J.—Writ of prohibition must be granted against further action in an attempted mandamus proceeding in the superior court against the Department of Alcoholic Beverage Control. Section 23090.5 of the Business and Professions Code provides that no court of the state except the

Supreme Court and the Courts of Appeal shall have jurisdiction to review, affirm, reverse, correct or annul any decision of the Department. Therefore, the demurrer of the Department, based on lack of jurisdiction of the court, should have been sustained.

The effective date of the statute was November 7, 1967. The superior court proceeding was commenced on March 11, 1968. The petitioner in that proceeding is Elsie R. Biggs, whose on-sale license in Susanville had been revoked after hearing. It is her position, as real party in interest in the present matter before us, that section 23090.5 is not applicable to her case because the hearing before the hearing officer and the rendering of the decision by the Department were accomplished in March and April, respectively, of 1967 (although the final judgment by the Department was not rendered until section 23090.5 had become effective).

*Real Party's Point One*: That the law, if applied to the Briggs case, would be an ex post facto law.

*Decision*: Ex post facto laws are criminal laws only. (*Calder* v. *Bull*, 3 U.S. (3 Dall.) 386, 390 [1 L.Ed. 648]; 1 Cooley's Constitutional Limitations (8th ed. 1927) p. 541.)

*Real Party's Point Two*: That the statute, if applied to the Briggs case, would deprive her of vested rights.

*Decision*: Vested rights are not taken away by mere procedural changes. Thus, the fact that jurisdiction is taken away from a particular court to hear one kind of case does not in itself deprive anyone of a vested right. It has been held that appellate review may be withheld altogether. (*Superior Wheeler Cake Corp.* v. *Superior Court*, 203 Cal. 384, 386 [264 P. 488].) In the case of the 1967 statute referred to above, the Legislature merely removed jurisdiction from courts other than the Supreme Court and Courts of Appeal. The right of review was not destroyed.

Real party in interest's complaint about the removal of a particular court's (superior court's) jurisdiction, although jurisdiction is allowed to the appellate courts, is that the right to produce evidence is denied. This is so because section 23090.1 of Business and Professions Code provides that no new or additional evidence shall be heard by the appellate courts on review. But when the superior court had jurisdiction in A.B.C. cases, it did not and could not grant a trial de novo. (*Harris* v. *Alcoholic Beverage Control Appeals Board*, 212 Cal.App.2d 106, 112 [28 Cal.Rptr. 74].) The superior court could remand a case to the Department if there was

relevant evidence which in the exercise of diligence could not have been produced or which was improperly excluded at the hearing before the Department. The same provision applies presently to the appellate courts. (Bus. & Prof. Code, § 23090.2, subd. (e).)

But, real party argues, she was entitled to counsel at the hearing; she did not have counsel; and although she agreed, as appears in the record, that she elected not to appear by an attorney, she did not understand the effect of this agreement and she did not intelligently waive the assistance of counsel. If she were allowed to testify, she says, she could prove the nonwaiver. Real party asserts that she is entitled to counsel although the proceeding was not a criminal one, under the holding of *In re Gault*, 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428].

As to this legal point, whether she must have counsel or must be shown to have waived counsel understandingly, the Supreme Court or the Court of Appeal would be as ready as the superior court to decide. As to the point of testimony of nonwaiver: the superior court, having been limited before the passage of section 23090.5, was then in no better position to decide than the appellate court is now. But real party contends that over and above the statutory provision for remand in cases where evidence was wrongfully excluded, there exists a right to show by testimony that a purported waiver of counsel was not intelligently made. If such testimony be capable of being received by any tribunal as showing a denial of due process, and if it be a constitutional requirement that such testimony be received (as real party contends) it does not follow that the *superior court* has jurisdiction, in the face of a statute which expressly says that it shall have no jurisdiction to review or annul a decision of the Department of Alcoholic Beverage Control.

Let a writ of prohibition issue.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied December 3, 1968, and the petition of the real party in interest for a hearing by the Supreme Court was denied January 8, 1969.