[Civ. No. 26974. First Dist., Div. One. Aug. 29, 1969.]

EDWARD J. KIRBY, as Director. etc., Petitioner, v. THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent; GIL MAR CLUB, INC., Real Party in Interest.

Thomas C. Lynch, Attorney General, and Dennis M. Eagan, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

di Leonardo, Blake, Kelly, Aguilar & Leal and Robert L. Blake for Real Party in Interest.

ELKINGTON, J.— The sole issue before us is stated by the real party in interest as "The Legislature, by virtue of the enactment of section 23090.5 of the Business and Professions Code, has unconstitutionally curtailed the jurisdiction of the superior court to issue writs of mandamus."

This question has been resolved by the case of *Department of Alcoholic Bev. Control* v. *Superior Court,* 268 Cal.App.2d 67 [73 Cal.Rptr. 780]. Considering the same arguments here raised, the court concluded (p. 75) that the provisions of section 23090.5 "divesting the superior courts of jurisdiction to review decisions or orders of the Board or Department or to interfere with the operation or execution of such decisions or orders are constitutional." We are in agree-

ment with the rationale of the court and consider the result reached dispositive of the instant proceedings. (See also *Department of Alcoholic Bev. Control* v. *Superior Court,* 268 Cal.App.2d 7 [73 Cal.Rptr. 671] ; *Samson Market Co.* v. *Kirby,* 261 Cal.App.2d 577 [68 Cal.Rptr. 130].)

Let the peremptory writ of prohibition issue.

Molinari, P. J., and Sims, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied October 22, 1969. Peters, J., was of the opinion that the petition should be granted.