[Civ. No. 48456. First Dist., Div. Three. Feb. 15, 1980.]

SANDRA DAVIS, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
HUMPHREY D. KAYE, Real Party in Interest.

**COUNSEL**

Osborne Becklund for Petitioner.

No Appearance for Respondent.

No Appearance for Real Party in Interest.

OPINION

WHITE, P. J.—Petitioner, the plaintiff and cross-defendant in a small claims court action, challenges an adverse ruling of the superior court upon de novo hearing requested by the defendant and cross-complainant. The issue raised concerns whether the trial court had jurisdiction over the defendant's appeal from an adverse judgment on his own cross-complaint. We have concluded that it lacked jurisdiction and that the writ should issue.

Both the complaint and the cross-complaint concern an automobile accident. Petitioner filed her claim in small claims court on June 6, 1979, seeking recovery of $331.08. Defendant immediately cross-claimed for $332.34. When the matter was heard by the small claims court, plaintiff recovered $331.08 plus $5 costs and the court ordered that defendant take nothing on the cross-complaint.

Defendant thereafter appealed to the superior court, where he received a de novo hearing (Code Civ. Proc., §§ 117.8, 117.10). Both parties appeared in propria persona on October 4, 1979, and after taking evidence the court ordered judgment for the defendant in the amount of $332.36 plus costs of $22, plaintiff to take nothing. Plaintiff's petition for rehearing was denied. She has since retained counsel to prosecute this petition.[1]

Petitioner contends that under Code of Civil Procedure section 117.8 the superior court was without jurisdiction to consider an appeal from the denial of the defendant's cross-complaint. She suggests that the court was misled by a citation to the decision in *Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76 [65 Cal.Rptr. 65, 435 P.2d 825], a decision rendered under a prior version of section 117.8.

Before reaching the merits of petitioner's claim, it is necessary to consider whether the issue is one properly presented to this court. Code of Civil Procedure section 117.12 states directly that the "judgment of the superior court shall be final and not appealable." Witkin has suggested that "this seemingly inflexible rule can be circumvented by invoking the writ procedure to obtain a decision on an important issue

---

[1]Though defendant below, real party here, had counsel on the petition for rehearing, counsel has advised this court that he is not authorized to represent defendant to oppose this petition. He has advised the court that "the cost of opposing the Petition for Writ of Certiorari is not justified by the amount in controversy."

of law." (1 Witkin, Cal. Procedure (2d ed., supp. 1979) Courts, § 199, p. 267.) However, his only basis for that suggestion is the California Supreme Court decision in *Green* v. *Superior Court* (1974) 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168], an opinion rendered prior to the enactment of the present statute in 1976 (as § 118.1 in Stats. 1976, ch. 1289, § 2, p. 5770) and its renewal in 1978 (Stats. 1978, ch. 723, § 5).

However, there is authority, addressed to the new statute, in the opinion by Division Four of this district in *Eloby* v. *Superior Court* (1978) 78 Cal.App.3d 972 [144 Cal.Rptr. 597]. There the plaintiff in a small claims action had his judgment reduced during de novo proceedings in the superior court, and moved for new trial in the latter court. The court declined to consider the motion, believing that it lacked jurisdiction, whereupon the plaintiff sought mandate from Division Four to compel it to hear the motion. The appellate court denied the writ, discussing the immediate (1976) precurser to section 117.12 in the following terms (at pp. 975-976): "Therefore, Code of Civil Procedure section 118.1 must be construed to give effect to the language employed by the Legislature. The language precluding further appeal is unmistakable: a defendant may appeal to the superior court and obtain a trial de novo (Code Civ. Proc., § 117.8, subd. (a)). But no further appeal is allowed to either party, and review by the Court of Appeal is available only on certification (Code Civ. Proc., § 911; rule 61(b), Cal. Rules of Court). In contending that a new trial is nevertheless available, after appeal to the superior court, petitioner ignores the provision of section 118.1 that the judgment of the superior court on trial de novo in a small claims appeal is not only not appealable to a higher court, but is also 'final.' It appears that, having precluded further appeal, the legislative purpose in using the word 'final' was to preclude also motions for new trial (Code Civ. Proc., § 659) and motions to vacate the judgment (Code Civ. Proc., § 663). No other purpose of the statutory language is apparent; a construction is to be preferred which gives effect to all the terms of the statute. (*People* v. *Gilbert* (1969) 1 Cal.3d 475, 480 [82 Cal.Rptr. 724, 462 P.2d 580].)

"We agree also with respondent court's conclusion that 'the very purpose of the Small Claims Law and the way it is set up is to make quick and speedy and inexpensive the settlement of disputes, and if all of the normal post-judgment proceedings were to be made available in small claims cases, that would be not only the motion for new trial which you have filed, but it would mean that also there would be the power in the

court to vacate the judgment under other sections of the code and there would virtually be no time when either the plaintiff or the defendant would know when the decision was final, . . . ' Moreover, it would be incongruous, where the plaintiff had no right of appeal (see *Parada* v. *Small Claims Court* (1977) 70 Cal.App.3d 766 [139 Cal.Rptr. 87]), to adopt a construction which would nevertheless allow a motion for new trial after the defendant has appealed. We conclude that the construction of Code of Civil Procedure section 118.1 adopted by respondent court is correct." The *Eloby* court's dictum suggests that section 117.12 was designed to preclude only appeal, motions for new trial, and motions to vacate judgment. The court's initial issuance of the alternative writ further suggests that section 117.12 was not read as curtailing the ability of appellate courts to review important issues arising in small claim actions.

██  Following the lead of the *Eloby* court, we read section 117.12 as not foreclosing appellate court review by extraordinary writ. Since statewide precedents can only be created by appellate courts, jurisdiction to decide appropriate small claims court issues must be retained by appellate courts in order to secure uniformity in the operations of the small claims courts and uniform interpretation of the statutes governing them. We do not believe that the Legislature intended to make all actions of the superior courts in such cases totally unreviewable or reviewable only on certification. (Code Civ. Proc., § 911; Cal. Rules of Court, rule 61(b).)

Turning to the merits of the claim, it depends upon interpretation of Code of Civil Procedure section 117.8, which provides: "(a) The judgment shall be conclusive upon the plaintiff. The defendant may appeal the judgment to the superior court in the county in which the matter was heard, provided that, if the defendant seeks any affirmative relief by way of a claim in the small claims court, he shall not have the right to appeal from the judgment on the claim." ██  The plain language of the section suggests that a defendant who is also a cross-complainant may seek review of the plaintiff's judgment against him but not of the court's ruling on his own cross-complaint.

The trial court's implied rejection of that interpretation was apparently based upon the *Skaff* decision. In *Skaff* the plaintiff lost on both his complaint and his counterclaim and was prevented from appealing by the superior court. The *Skaff* court concluded that the rule that a small claims court judgment "shall be conclusive upon the plaintiff"

(Code Civ. Proc., § 117j) did not apply to a cross-complaint as to which the plaintiff was a "defendant." In dictum in a footnote, however, the *Skaff* court went even further, suggesting that even the initial *defendant* could appeal on a cross-complaint if he was forced to file it by the rules for mandatory counterclaims: "The reasoning of *Superior Wheeler Cake Corp.* v. *Superior Court, supra,* 203 Cal. 384 [264 P. 488], and *Prudential Ins. Co.* v. *Small Claims Court, supra,* 76 Cal.App.2d 379 [173 P.2d 38, 167 A.L.R. 820], requires us to focus on whether a party *voluntarily* submits his claim to the small claims court. Thus, in the typical case of a party choosing to advance a counterclaim in the small claims court, the counterclaimant should not be entitled to an appeal from an adverse judgment on that claim. Certain counterclaims, however, must be advanced in the small claims court or forfeited (Code Civ. Proc. § 117h; *Thompson* v. *Chew Quan* (1959) 167 Cal.App.2d Supp. 825 [334 P.2d 1074]); since 'the strong arm of the law,' rather than the party's voluntary election, motivates the party in filing these 'mandatory' counterclaims, the counterclaimant should retain his right to appeal. In sum, we conclude that either party should be entitled to appeal from an adverse judgment on a claim asserted against him by another party and that the counterclaimant should also be entitled to appeal if his cross-demand is 'mandatory.'" (68 Cal.2d at pp. 79-80, fn. 3.)

The trial court here evidently relied upon that dictum in *Skaff* when it permitted the defendant here to obtain a reversal of the small claims court's ruling on the cross-complaint. The difficulty with reliance upon *Skaff* is that it ignores significant changes in the law.

At the time of the *Skaff* decision, Code of Civil Procedure section 117h provided, inter alia, that the "provisions of this code as to counterclaims are hereby made applicable to small claims courts, so far as included within their jurisdiction." (Stats. 1951, ch. 1737, § 17, p. 4086.) Section 439 of the same code provided: "If the defendant omits to set up a counterclaim upon a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor." (Stats. 1941, ch. 454, § 2, p. 1751.) On the question of appeal, Code of Civil Procedure section 117j controlled, stating: "The judgment of said court shall be conclusive upon the plaintiff. If the defendant is dissatisfied, he may...appeal to the superior court of the county in which said court is held."

All these sections have changed. Of particular note is the fact that Code of Civil Procedure sections 426.10 through 426.60 have replaced former section 439. Thus, section 426.60, subdivision (b) of the present code provides that the rules for compulsory "counterclaims" (called "cross-complaints" in the new code) do "not apply to actions in small claims court." The report of the Legislative Committee of the Senate, printed with the statute, specifically states: "This changes prior law under which counterclaims within the jurisdictional limits of the small claims court apparently were compulsory." (14A West's Anno. Cal. Codes (1973 ed.) p. 158.)

Code of Civil Procedure section 116.8 presently covers claims filed by defendants in small claims court, providing, inter alia, that the "defendant *may* file a claim in the same proceeding in an amount not to exceed the jurisdictional limit of the court." (Italics added.) The section provides that if the defendant's claim is for an amount above the small claims court's jurisdiction he may commence the action in a higher court and seek transfer of the plaintiff's action to said court.

It is evident that while at the time of the *Skaff* decision certain cross-complaints or "counterclaims" by the defendant were mandatory even in small claims actions, this is no longer the case. Thus a defendant presenting a cross-complaint in small claims court is a voluntary claimant seeking to have his claim adjudicated in the informal setting of the small claims court. As a voluntary claimant he, like the plaintiff, gives up his right to appeal on the cross-complaint. In the words of section 117.8, "if the defendant seeks any affirmative relief by way of a claim in the small claims court, he shall not have the right to appeal from the judgment on the claim."[2]

In accordance with the foregoing discussion, we conclude that the trial court was without jurisdiction to consider the appeal by defendant on his own cross-complaint (though, of course, it was entitled to hear his appeal from the adverse judgment on the complaint).

Under normal circumstances we would issue writ of certiorari in order to review the trial court proceedings for jurisdictional defects (see *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 454

---

[2]The constitutionality of this forfeiture of appeal rights was established in *Superior Wheeler Cake Corp. v. Superior Court* (1928) 203 Cal. 384 [264 P. 488], cited favorably in *Skaff, supra,* 68 Cal.2d at page 79.

[20 Cal.Rptr. 321, 369 P.2d 937]). Here, however, petitioner has presented a full record of the lower court proceedings. Oral argument on the petition would add little, since we have been advised that real party in interest has not authorized appearance by an attorney. We find the law quite clear. Thus, we will treat the petition as one for writ of mandate and issue the peremptory writ in the first instance.[3] (Code Civ. Proc., § 1088; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing respondent court to vacate its October 4, 1979, judgment for the defendant on his cross-complaint and to dismiss the defendant's appeal from the adverse small claims court judgment on his cross-complaint.

Feinberg, J., and Takei, J.,* concurred.

---

[3]We acknowledge the opinion in *Neal* v. *State of California* (1960) 55 Cal.2d 11, 16 [9 Cal.Rptr. 607, 357 P.2d 839], where the court stated: "Although a writ of mandamus may issue to vacate a judgment entered by a court that lacked jurisdiction, a motion to vacate such judgment must first be made in the court that entered the judgment, and a denial of such motion must be appealed in the regular manner. [Citations.]" However, this rule cannot apply here, where neither motion to vacate nor appeal was permitted (see *Eloby, supra,* 78 Cal.App.3d at pp. 975-976).

*Assigned by the Chairperson of the Judicial Council.