[No. E005586. Fourth Dist., Div. Two. June 30, 1988.]

UPSON METAL FABRICATORS, Petitioner, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
MARJORIE BALDWIN, Real Party in Interest.

COUNSEL

Marvin H. Jeglin for Petitioner.

No appearance for Respondent.

Marjorie Baldwin, in pro. per., for Real Party in Interest.

OPINION

McDANIEL, Acting P. J.—This action began when petitioner Upson Metal Fabricators sued Marjorie Baldwin in the Small Claims Court of Riverside County. The complaint sought $1,500 as the amount due under a construction contract.

Ms. Baldwin filed a defendant's claim (Code Civ. Proc., § 116.8) against petitioner for $1,150, alleging poor workmanship and materials. After trial in the small claims court, judgment was entered against Upson Metal Fabricators on its claim, but in favor of Ms. Baldwin on her defendant's claim. Petitioner timely presented a notice of appeal to the clerk of the municipal court, but the clerk refused to accept it. This refusal was apparently prem-

ised upon a ruling by the Riverside County Superior Court rendered in another case, in which it held that no appeal would lie from a judgment in favor of a defendant on an affirmative claim.

We stayed enforcement of the judgment in favor of Ms. Baldwin and requested a response to the petition. Although none has been received, the issues are clear and we deem the case appropriate for the issuance of a peremptory writ in the first instance (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893]).

■ Petitioner has been denied permission to file its notice of appeal by the municipal court. Although that court has apparently acted in accordance with a directive from the superior court, it is the lower court which has directly refused to afford petitioner its legal rights, and which should have been named as respondent in this action (see *Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76 [65 Cal.Rptr. 65, 435 P.2d 825]). There is, at this time, no relief which can be given against respondent superior court.

Despite this basic procedural flaw, we are persuaded that petitioner's contentions are correct and that the parties should be given such guidance as the form of the petition makes possible.

The legislative history surrounding the amendment of Code of Civil Procedure section 117.8 (Stats. 1976, ch. 1289, § 2, pp. 5769-5770) reflects no intention whatsoever to alter the rule of *Skaff, supra,* 68 Cal.2d 76; it merely clarifies that a defendant who files a claim is also bound by a judgment against him. ■ The principles underlying the decision in *Skaff* remain applicable; as plaintiff has not selected the forum in which to litigate defendant's claim against him, he may not be deprived of his right to appeal an unfavorable decision.

We do not view *Smith* v. *Superior Court* (1979) 93 Cal.App.3d 977 [156 Cal.Rptr. 149] as inconsistent with this view, as the issue was not presented to that court. On the other hand, we note that the Judicial Council forms expressly notify the plaintiff that he *does* have the right to appeal a judgment against him on a defendant's claim (see Form SC-100, rev. Jan. 1, 1987).

The petition for writ of mandate is therefore granted to the extent that, should the municipal court, without further proceedings, accept petitioner's notice of appeal as timely filed, respondent Superior Court of Riverside County is directed to treat such appeal as properly before it and to hear and decide the matter as provided by law.

Let a peremptory writ of mandate issue compelling the Superior Court of Riverside County to hear and determine on its merits any appeal by petitioner Upson Metal Fabricators from a judgment entered in favor of defendant and claimant Marjorie Baldwin on a defendant's claim in that matter entitled Upson Metal Fabricators v. Marjorie Baldwin, small claims case No. 59336, when such appeal is otherwise prosecuted as provided by law.

The stay of execution heretofore ordered by this court shall remain in effect for 20 days from the date of this order, and upon that date shall be dissolved without prejudice to petitioner's right to obtain a stay pending appeal from the lower court.

Hews, J., and Dabney, J., concurred.