Filed 12/17/14  Dagning v. Nursetech CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| JOSEPH DAGNINO et al., | C071927 |
| Plaintiffs and Respondents, | (Super. Ct. No. 34-2010-00081391-CU-PO-GDS) |
| v. | |
| NURSETECH, INC., | |
| Defendant; | |
| SECURITAS, INC., | |
| Claimant and Appellant. | |

This case presents an issue of the appealability of the underlying ruling.  Since we conclude the ruling is not appealable, we shall dismiss.

FACTUAL AND PROCEDURAL BACKGROUND

In this personal injury action, plaintiffs Joseph and Marcella Dagnino and defendant Nursetech, Inc., entered into a settlement prior to trial, and plaintiffs

1

voluntarily dismissed the action with prejudice. Securitas, Inc., (Securitas) was not a party to the action, but had filed a notice of lien against any judgment or settlement based on sums it had paid as workers' compensation benefits to Joseph Dagnino. Securitas had also attempted to file a complaint in intervention in the action, but the trial court denied the motion as untimely, the motion having been filed one year eight months after the complaint was filed and the hearing on the motion occurring only 10 days before the trial was scheduled to commence.

On May 1, 2012, after the notice of settlement of the case was filed on April 13, 2012, Securitas filed a motion to determine the lien amount to be applied to the settlement. The hearing on the motion was set for June 22, 2012. On May 11, 2012, plaintiffs filed a request for dismissal of the action with prejudice, which was entered by the clerk the same day. On June 25, 2012, the trial court heard Sercuritas's motion, and dropped the motion for lack of jurisdiction. It is from this minute order dropping the motion that Securitas appeals.

DISCUSSION

Plaintiffs contend the appeal must be dismissed because the order appealed from was not appealable. We agree.

It is the appellant's burden to explain why the order appealed from is appealable. (Cal. Rules of Court, rule 8.204(a)(2)(B); *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 557.) Securitas's explanation of appealability, in its entirety, is as follows: "This is an appeal from a final order made appealable by Code of Civil Procedure section 904.1 [subdivision] (a)(1)."

Code of Civil Procedure section 904.1, subdivision (a)(1) provides in full: "(a) An appeal, other than in a limited civil case, is to the court of appeal. An appeal, other than in a limited civil case, may be taken from any of the following:  [¶]  (1) From a judgment, except (A) an interlocutory judgment, other than as provided in paragraphs (8), (9), and (11), or (B) a judgment of contempt that is made final and conclusive by Section 1222."

2

Thus, the particular statute cited by Securitas, Code of Civil Procedure section 904.1, subdivision (a)(1), makes *judgments* appealable. With respect to this subdivision, the obvious issue is that the trial court's minute order "dropping" Securitas's motion was not a judgment.

The larger problem in terms of appealability is that there was no judgment *at all* in this case because the plaintiff voluntarily dismissed the case. "A voluntary dismissal under Code of Civil Procedure section 581, subdivision (b)(1) by written request to the clerk is not a final judgment, as no judgment, final or otherwise, is necessary to the dismissal. [Citations.] A voluntary dismissal is a ministerial act, not a judicial act, and not appealable." (*H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1364-1365.)

Because there was no judgment, the minute order also does not comply with Code of Civil Procedure, section 904.1, subdivision (a)(2) which makes appealable "an order made after a judgment made appealable by paragraph (1)." Additionally, the minute order does not fall within any of the other enumerated appealable orders in section 904.1.

"[A] party possesses no right of appeal except as provided by statute . . . ." *Skaff v. Small Claims Court* (1968) 68 Cal.2d 76, 78.) "[A] reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion. [Citations.]' [Citation.]" (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.) Since no appealable judgment or order is before us, we lack jurisdiction to address the merits of Securitas's claim.

DISPOSITION

The appeal is dismissed.  Plaintiffs are awarded costs on appeal.


                                                                   __BLEASE__, Acting P. J.


We concur:


      __HULL__, J.


      __MURRAY__, J.

4