Filed 6/24/16  Burgess v. RBEY, Inc. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| REGINALD BURGESS, | B269991 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC602232) |
| v. | |
| RBEY INC. et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dalila C. Lyons, Judge.  Dismissed.

Reginald Burgess, in pro. per., for Plaintiff and Appellant.

Anderson McPharlin & Connors and Vanessa Anne Widener for Defendants and Appellants.

Plaintiff, Reginald Burgess, purports to appeal from a December 17, 2015 order denying his request to schedule a case management conference prior to service of the summons and complaint. We noted that such an order may not be appealable. We have a duty to raise issues concerning our own jurisdiction on our own motion. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126-127; *Olson v. Cory* (1983) 35 Cal.3d 390, 398.) Because such an order did not appear to be appealable, we issued an order to show cause concerning possible dismissal of the appeal. We placed the matter on calendar and permitted the parties to orally argue the dismissal issue.

Subject to certain narrow constitutional limitations, there is no right to appeal. (*Lindsey v. Normet* (1972) 405 U.S. 56, 77; *Trede v. Superior Court* (1943) 21 Cal.2d 630, 634.) The California Supreme Court has repeatedly held that the right to appeal is wholly statutory. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 709, disapproved on another point in *People* v. *Green* (1980) 27 Cal.3d 1, 34 ["a judgment or order is not appealable unless expressly made so by statute"]; *Skaff v. Small Claims Court* (1968) 68 Cal.2d 76, 78 ["a party possesses no right of appeal except as provided by statute"]; *People v. Keener* (1961) 55 Cal.2d 714, 720, disapproved on another point in *People* v. *Butler* (1966) 64 Cal.2d 842, 844-845 ["an order is not appealable unless declared to be so by the Constitution or by statute"]; *People v. Valenti* (1957) 49 Cal.2d 199, 204, disapproved on another point in *People v. Sidener* (1962) 58 Cal.2d 645, 647 ["the right of appeal is statutory and a judgment . . . is not appealable unless it is expressly made so by statute"]; *Modern Barber Col.* v. *Cal. Emp. Stab. Com.* (1948) 31 Cal.2d 720, 728 ["the Legislature has the power to declare by statute what orders are appealable, and, unless a statute does so declare, the order is not appealable"]; *Trede v. Superior Court*, *supra*, 21 Cal.2d at p. 634 [there being no constitutional right of appeal; "the appellate procedure is entirely statutory and subject to complete legislative control"]; *Superior Wheeler C. Corp. v. Superior Court* (1928) 203 Cal. 384, 386 ["right of appeal is statutory and may be granted or withheld"].) Accordingly, there being no constitutional issue raised by the dismissal motion, the question before us is entirely statutory.

There are no statutory grounds for appealing the refusal to set the matter for a case management conference prior to service of the summons and complaint. The general list of appealable civil judgments and orders is codified in Code of Civil Procedure section 904.1. (See *Gastelum v. Remax Internat. Inc.* (2016) 244 Cal.App.4th 1016, 1021-1022; *Walton v. Mueller* (2009) 180 Cal.App.4th 161, 172, fn. 9.) An order denying a motion to schedule a case management conference under any circumstances is not listed in Code of Civil Procedure section 904.1. Thus, the present appeal must be dismissed.

The appeal is dismissed. No costs are awarded in connection with this appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.

We concur:


KRIEGLER, J.


BAKER, J.

3