Filed 11/29/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BLIZZARD ENERGY, INC., | 2d Civil No. B314740 |
| Plaintiff and Appellant, | (Super. Ct. No. 17CVP-0266) |
| | (San Luis Obispo County) |
| v. | |
| BERND SCHAEFERS, | |
| Defendant and Respondent. | |

We hold that, for purposes of the vexatious litigant statute, a defendant who files a cross-complaint has commenced a separate, distinct, and independent cause of action. Thus, respondent's cross-complaint in a Kansas action counts as one of the "five litigations" required for a vexatious litigant finding under Code of Civil Procedure section 391, subdivision (b)(1).[1] The statute targets a person. It does not matter where the litigation was filed.

Blizzard Energy, Inc., appeals from an order denying its motion to declare respondent Bernd Schaefers a vexatious litigant and prohibit him "from filing any new litigation in

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

propria persona in the California courts without first obtaining leave of the presiding judge of the court in which the litigation is proposed to be filed." We reverse because the order was based on the trial court's erroneous interpretation of section 391, subdivision (b)(1). The trial court concluded that the statute does not apply to prior litigation commenced by the filing of a cross-complaint. It does apply.

This is the third time that the parties have come before this court. (See *Blizzard Energy, Inc. v. Schaefers* (2020) 44 Cal.App.5th 295; *Blizzard Energy, Inc. v. Schaefers* (2021) 71 Cal.App.5th 832.)

*The Order Is Appealable*

Appellant's motion was authorized by section 391.7, subdivision (a), which provides: "[T]he court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed. Disobedience of the order by a vexatious litigant may be punished as a contempt of court."

"[T]here is no question that the prefiling order contemplated by section 391.7, subdivision (a) *is* an injunction." (*Luckett v. Panos* (2008) 161 Cal.App.4th 77, 85.) "[A]n order granting . . . or refusing to grant . . . an injunction" is appealable. (§ 904.1, subd. (a)(6).) Therefore, the order denying appellant's motion is appealable as an order refusing to grant an injunction. (See *In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1347.)

2

*Appellant's Theories Why Respondent*
*is a Vexatious Litigant*

In the trial court appellant advanced two theories why respondent qualifies as a vexatious litigant. We need consider only the first theory.[2] It is based on section 391, subdivision (b)(1), which provides that a person is a vexatious litigant if "[i]n the immediately preceding seven-year period [he] has *commenced, prosecuted, or maintained* in propria persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to [him] . . . ." (Italics added.) "'Litigation' means any civil action or proceeding, commenced, maintained or pending in any state or federal court." (*Id.*, subd. (a).)

Appellant claimed that respondent "meets the definition of a vexatious litigant [under section 391, subdivision (b)(1)] as . . . he has commenced [in propria persona] five litigations over the past six years, which have been finally determined adversely to him . . . ." One of the five litigations was commenced by the filing of cross-complaints in a Kansas action.

*Trial Court's Ruling*

As to the first theory (§ 391, subd. (b)(1)), the trial court ruled: "[T]he first litigation of the five cited by [appellant]

---

[2] Appellant's second theory was that, pursuant to section 391, subdivision (b)(2), respondent qualifies as a vexatious litigant because he "has repeatedly relitigated or attempted to relitigate [in propria persona] claims and issues that have been finally determined against him." (Bold, capitalization, and italics omitted.)

The trial court ruled that respondent does not qualify as a vexatious litigant under the second theory. (§ 391, subd. (b)(2).) Appellant does not contest this ruling.

involved a cross-complaint in the Kansas action, which the Court finds did not constitute litigation 'commenced, prosecuted or maintained' by [respondent]. (See *Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1502 [*Holcomb*].) [¶] Because [appellant] does not cite five cases falling within the parameters of section 391, subdivision (b)(1), [respondent] does not qualify as a vexatious litigant under that provision." (Fn. omitted.)

Appellant asserts, "The sole issue presented by this appeal is whether the filing and prosecution of a cross-complaint by [respondent] counts toward the number of cases necessary for him to be declared a vexatious litigant" under section 391, subdivision (b)(1).[3]

---

3 On July 22, 2022, respondent requested that we take judicial notice of eight documents. Respondent filed the first three documents in the trial court in opposition to appellant's motion. Appellant has not objected to taking judicial notice of these documents. Pursuant to Evidence Code section 452, subdivision (d) and section 459, we grant respondent's request for judicial notice of the first three documents.

Of the remaining five documents, four were filed in the United States Bankruptcy Court and one was filed in the Kansas action. The latter document is a partial reporter's transcript of a hearing conducted on February 24, 2017. Appellant has submitted opposition to respondent's request for judicial notice of these five documents. We deny the request for two reasons. First, the documents are not relevant to the issue in this appeal. Second, the documents were not presented to the trial court. "An appellate court may properly decline to take judicial notice under Evidence Code sections 452 and 459 of a matter which should have been presented to the trial court for its consideration in the first instance." (*Brosterhous v. State Bar* (1995) 12 Cal.4th 315, 325-326.)

*Standard of Review*

The trial court's ruling on the first theory involves the interpretation of section 391, subdivision (b)(1). We therefore independently review the ruling. (*Markow v. Rosner* (2016) 3 Cal.App.5th 1027, 1052 ["The interpretation and applicability of a statute is a question of law, which we review de novo"].)

*Respondent's Cross-Complaint in Kansas*
*Qualifies as One of Five Litigations*

Appellant's counsel declared under penalty of perjury: "[One of the five litigations is] *Blizzard Energy, Inc. v. Valentin Alexandrov, et al.*, Twentieth Judicial District in the District Court of Barton County, Kansas, Case No. 2015-CV-000055 . . . . [There, respondent] filed counter-claims and third-party claims in 2015 against [appellant] and Franziska Shepard . . . , and judgment was ultimately entered in favor of [appellant] and Shepard on these claims (through summary judgment and judgment after trial). [Respondent] did not appeal the rulings against him on his counter-claims and third-party claims."

Respondent's counterclaims and third-party claims in the Kansas action were the equivalent of cross-complaints in California. Section 428.80 provides: "The counterclaim is abolished. Any cause of action that formerly was asserted by a counterclaim shall be asserted by a cross-complaint." (See also § 428.10, specifying causes of action that may be asserted by a cross-complaint.)

In support of its ruling that the Kansas cross-complaints "did not constitute litigation 'commenced, prosecuted or maintained' by [respondent]" within the meaning of section 391, subdivision (b)(1), the trial court relied upon *Holcomb, supra,* 129 Cal.App.4th 1494. "Holcomb challenge[d] orders . . . declaring

5

him to be a vexatious litigant . . . ." (*Id*. at p. 1498.) The court held that the evidence did not support a finding that he was a vexatious litigant under section 391, subdivision (b)(1) because one of the five litigations involved a cross-complaint filed not by Holcomb, but by the party he was suing. The appellate court explained: "This municipal court case involved only the defendant's [not Holcomb's] cross-complaint and [therefore] did not constitute litigation 'commenced, prosecuted, or maintained' by Holcomb." (*Holcomb, supra*, at p. 1502.)

Unlike the prior litigation in *Holcomb*, the prior Kansas litigation was commenced by respondent's cross-complaints. In *Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50, our Supreme Court rejected the defendants' argument that "their cross-complaint did not initiate a judicial proceeding." The court explained: "For our purposes no sound reason appears for treating a cause of action initiated by a cross-pleading as only an integral part of that cause initiated by the complaint. In *Skaff v. Small Claims Court* (1968) 68 Cal.2d 76 . . . , we acknowledged that the filing of a counterclaim instituted a '. . . separate, simultaneous action' and reasoned that for purposes of the cross-action, the cross-defendant was a defendant, noting: '[i]n analyzing counterclaims and cross-complaints, this court has recognized that "these cross-actions . . . are still distinct and independent causes of action, so that when properly interposed and stated the defendant becomes in respect to the matters pleaded by him, an actor, and there are two simultaneous actions pending between the same parties wherein each is at the same time both a plaintiff and a defendant." [Citation.]' [Citations.] In other instances case and statutory law recognize that a cross-pleading creates an action distinct and separate from an initial

6

pleading. Dismissal of the complaint, for instance, does not affect the independent existence of the cross-complaint or counterclaim." (*Id*. at pp. 51-52.)

Respondent argues: "During the course of the litigation history involving [him] the overwhelming theme is one of self-defense. The Cross-Complaint in Kansas was filed in response to the action commenced in Kansas by Appellant." "The purpose of *§ 391(b)* does not apply to a litigant who is essentially responding or trying to defend himself." Irrespective of whether respondent believed he was acting in "self-defense," *Bertero* makes clear that the Kansas cross-complaints commenced "litigation" within the meaning of section 391, subdivisions (a) and (b)(1). Accordingly, the trial court erred as a matter of law.

## Conclusion

The order denying appellant's motion to declare respondent a vexatious litigant is reversed. Appellant shall recover its costs on appeal.

<u>CERTIFIED FOR PUBLICATION</u>.

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

7

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

_____


Rogers, Sheffield & Campbell and John H. Haan, Jr.,
Nathan C. Rogers, for Plaintiff and Appellant.
Wiley Ramey, for Defendant and Respondent.