[Civ. No. 18636. Fourth Dist., Div. One. Apr. 17, 1979.]

DONALD MILLER, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
RAE HOFFMAN, Real Party in Interest.

**COUNSEL**

Rudick & Platt and Allan L. Rudick for Petitioner.

No appearance for Respondent.

Rae Hoffman, in pro. per., for Real Party in Interest.

**OPINION**

**BROWN (Gerald), P. J.**—Real party in interest filed an action in small claims court against Donald Miller, petitioner, and received judgment in the amount of $554 plus $12.50 in costs. Miller had defaulted by not appearing.

Miller moved to set the default aside. His motion was denied. He then filed a notice of appeal.

At the hearing on the appeal the trial judge stated he found Miller did not have a proper reason for appeal and affirmed the municipal court's ruling. In effect the superior court found there was no reason to grant Miller's motion to vacate the judgment.

Miller seeks this writ of mandate to compel the superior court to give him a trial de novo as his appeal. We issued an alternative writ of mandate.

A defendant who has defaulted by not appearing at the small claims hearing can only appeal the denial of the motion to vacate the judgment (Code Civ. Proc., § 117.8, subd. (c)). The superior court must first decide if the motion to vacate the judgment should have been granted. If the denial was improper, the superior court may then hear the appeal. (Code Civ. Proc., § 117.8, subd. (c)).

Miller does not say the superior court was wrong in upholding the denial of the motion to vacate; he contends Code of Civil Procedure section 117.10 mandates he be given a trial de novo once he has appealed. That section states in part: "On appeal the action shall be tried anew."

"[T]he various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole." (*Moyer* v. *Workmen's Comp. Appeals Bd.,* 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514, P.2d 1224].)

To adopt Miller's interpretation, however, would be to deprive the procedures in section 117.8 of any purpose. If the superior court were required to grant a trial de novo to every small claims appellant who had defaulted, there would be no purpose in reviewing the propriety of the denial of the motion to vacate. The statute clearly states the court may conduct the trial de novo if it "finds that the defendant's motion to vacate the judgment should have been granted." The logical and proper implication from that language is the court need not give the trial de novo if the denial of the motion to vacate was proper. That is what the court did here.

The alternative writ is discharged and the petition is denied.

Cologne, J., and Staniforth, J., concurred.