959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yancy HAWKINS, Plaintiff-Appellant,
v.
BEWLEY ALLEN CADILLAC, et al., Defendant-Appellee,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, et al.,
Third-Party-Defendant-Appellee.
 No. 91-55375.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yancy Hawkins appeals pro se the district court's summary judgment in favor of Bewley Allen Cadillac in his civil rights action. Hawkins contends that Bewley improperly released his car to Immigration and Naturalization Service ("INS") agents without his authorization. The district court found that the action was barred by res judicata based on a final judgment on the same claim in small claims court. The district court also denied Hawkins leave to file an amended complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 Hawkins left his car at Bewley for repairs. Hawkins was then arrested for assisting undocumented aliens in illegal entry into the country. The INS seized Hawkins's car from Bewley on the ground that Hawkins used it for transporting illegal aliens.
 
 
 4
 Hawkins filed an action against Bewley in California Superior Court alleging that Bewley was not authorized to release the car to the INS. Bewley removed the action to federal district court and filed a third party complaint against the INS and the United States Department of Justice.
 
 
 5
 Bewley then filed an action against Hawkins in small claims court for the unpaid the repair bill. Hawkins filed a defendant's claim against Bewley in small claims court for unauthorized release of the car. Hawkins failed to appear at the hearing, and the small claims court entered default judgment for Bewley on its claim for the repair bill and on Hawkins's claim for unauthorized release of the vehicle. Hawkins filed a motion to vacate the default judgment, which was denied. Hawkins appealed the small claims court judgment to Superior Court, and his appeal was dismissed.
 
 
 6
 Bewley then moved for summary judgment in the district court action on the ground that the small claims court judgment was res judicata as to the unauthorized release claim. The district court granted summary judgment for Bewley, and Hawkins appeals.[1]
 
 
 7
 A federal court must give the same preclusive effect to a state court judgment as would the courts of the state where the judgment was rendered. Allen v. McCurry, 449 U.S. 90, 105 (1980). In California, a small claims court judgment is final and res judicata and precludes future actions on the same claim or cause of action. Sanderson v. Niemann, 17 Cal.2d 563, 573, 110 P.2d 1025, 1030 (1941). A valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action. Slater v. Blackwood, 15 Cal.3d 791, 795, 126 Cal.Rptr. 225, 226, 543 P.2d 593, 594 (1975) (en banc). The California courts employ the primary rights theory to determine whether the same cause of action is at issue. Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174, 197 Cal.Rptr. 612, 614 (1983). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Id. Thus, the invasion of one primary right gives rise to one cause of action. Slater, 15 Cal.3d at 795.
 
 
 8
 Here, Hawkins brought a defendant's claim in small claims court for the unauthorized release of his car. A final judgment was rendered on that claim. Hawkins's action in district court sought damages for the unauthorized release of his car. Because this claim involved the same injury to plaintiff and the same wrong by defendant, it was based on the same primary right. See Eichman, 147 Cal.App.3d at 1174. Even if we liberally construe Hawkins's complaint to allege a claim for constitutional violation under Bivens, it is still barred, because a final decision on a state tort claim is res judicata as to a constitutional claim based on the same primary right. See City of Los Angeles v. Superior Court for Los Angeles County, 85 Cal.App.3d 143, 153-54, 149 Cal.Rptr. 320, 325-26 (1978). Thus, the district court correctly determined that under the California rule against splitting a cause of action, Hawkins's district court action was barred. See Slater, 15 Cal.3d at 795.
 
 
 9
 Hawkins contends that his action is not barred because he was denied due process by the small claims court. Hawkins contends that counsel for defendant fraudulently failed to notify him of the hearing date, thereby producing the default judgment against Hawkins. If a state court judgment does not satisfy the requirements of the due process clause, neither state nor federal courts are required to give it preclusive effect. Kremer v. Chemical Constr. Corp., 456 U.S. 461, 482 (1982). Here, however, Hawkins was not denied due process in the small claims court. Hawkins raised his claim that his default was produced by fraud in his motion to vacate the default judgment, and the small claims court considered this argument and determined that no fraud had taken place. Further, the small claims courts procedures regarding default, vacating default, and appeal to Superior Court have been upheld as constitutional. See Skaff v. Small Claims Court, 68 Cal.2d 76, 78, 65 Cal.Rptr. 65, 66, 435 P.2d 825, 826 (1968) (en banc); Superior Wheeler Cake Corp. v. Superior Court, 203 Cal. 384, 387, 264 P. 488, 489 (1928); Miller v. Superior Court, 92 Cal.App.3d 29, 31, 154 Cal.Rptr. 491, 491 (1979).
 
 
 10
 Hawkins also contends that the district court erred by denying him leave to file an amended complaint. We review the district court's denial of leave to file an amended complaint for abuse of discretion. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990). Here, the district court denied Hawkins leave to file an amended complaint because Hawkins failed to comply with the Local Rules. Hawkins failed to submit a copy of the amended complaint with his motion to amend, as required by Local Rule 3.8.1. District courts have broad discretion in interpreting and applying their local rules. Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 521 (9th Cir.1983). We find that the district court did not abuse its discretion by denying Hawkins leave to amend his complaint. See Jackson, 902 F.2d at 1387.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After Hawkins filed his notice of appeal, Bewley's third party complaint against the federal defendants was moved to inactive status in the district court. Accordingly, we have jurisdiction to hear this appeal. See Unioil, Inc. v. E.F. Hutton & Co., Inc., 809 F.2d 548, 554 (9th Cir.1986), cert. denied, 484 U.S. 822, 823 (1987)