[No. B051969. Second Dist., Div. One. Dec. 10, 1990.]

SHARON R. ANDERSON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
KATICA BLASKOVICH, Real Party in Interest.

**COUNSEL**

Frank W. Masse for Petitioner.

No appearance for Respondent.

Drago C. Baric for Real Party in Interest.

**OPINION**

VOGEL, J.—In this writ proceeding we hold that a defendant who unsuccessfully seeks affirmative relief in small claims court and then appeals an award in favor of the plaintiff may not at the trial de novo claim as an offset the amount she was unable to recover on her own claim.

FACTS

Sharon R. Anderson was Katica Blaskovich's tenant until late 1989 or early 1990. On February 20, 1990, Anderson sued Blaskovich in small claims court for the return of her $250 security deposit, plus statutory damages of up to $200. (Civ. Code, § 1950.5, subd. (k).) In response, Blaskovich filed a "Defendant's Claim," seeking $798 from Anderson for cleaning the apartment and repairing a rug. On her claim form, Blaskovich acknowledged, under penalty of perjury, her understanding that she had no right of appeal on her claim, but did have the right to "appeal a claim filed by the plaintiff in this case."

Anderson prevailed in small claims court and was awarded $350 (presumably the $250 deposit plus $100 damages); Blaskovich was denied relief on her claim. Blaskovich appealed from the award to Anderson. At the trial de novo in superior court, uncontroverted evidence established that Anderson had in fact paid a security deposit of $250 to Blaskovich. And although we do not have a reporter's transcript of the superior court proceedings, Anderson's verified petition and supporting declaration establish without contradiction that the superior court allowed Blaskovich to present evidence of the expenses she had unsuccessfully sought to recover by her "Defendant's Claim," the $798 for cleaning and repairs. The superior court denied all relief to Anderson, a result which could not have been reached without giving Blaskovich an offset for part of the $798.

By petition for writ of mandate, Anderson asked us to review the judgment, asserting that the superior court's acceptance of Blaskovich's testimony about the $798 as an offset against Anderson's claim circumvented the rule which precludes an appeal by a claimant who voluntarily seeks relief in small claims court. Our initial reaction was one of agreement with Anderson. We therefore requested opposition and notified the parties of our intention to issue a peremptory writ. (*Palma* v. *U. S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].) Our review of Blaskovich's opposition has not altered our view and, for the reasons we explain below, we now issue the writ as prayed.

## DISCUSSION

Small claims divisions of municipal and justice courts exist to resolve minor civil disputes in an expeditious, inexpensive and fair manner. (Code Civ. Proc., § 116.1.)[1]

Upon the commencement of a small claims action by a plaintiff, the defendant "may file a claim in the same proceeding" (§ 116.8, subd. (a)) but need not do so to preserve the claim. ■ Stated otherwise, there is no such thing as a mandatory cross-claim in small claims court. (*Davis* v. *Superior Court* (1980) 102 Cal.App.3d 164, 170 [162 Cal.Rptr. 167].) If the defendant does file a claim in the same proceeding, the parties' rights to appeal are equal: "The defendant with respect to the plaintiff's claim, or the plaintiff with respect to a claim of defendant, may appeal the judgment to the superior court . . . ." (§ 117.8, subd. (b), as amended by Stats. 1989, ch. 1416, § 6.)[2]

■ It is clear that when a defendant files a claim, loses to the plaintiff on both the plaintiff's claim and his own claim, and then appeals to the superior court, the defendant cannot be awarded affirmative relief at the trial de novo. (*Davis* v. *Superior Court, supra,* 102 Cal.App.3d 164, 170.) In the context of the case at bench, *Davis* means that the superior court had no jurisdiction to treat Blaskovich's appeal as one from her own claim and it could not have awarded the $798 (or any part of it) to Blaskovich. (*Ibid.*)

In our view, the conclusion follows necessarily that the trial court had no jurisdiction to do indirectly that which it is prohibited from doing directly—it could not reduce Anderson's award by an offset based upon the expenses claimed by Blaskovich in her "Defendant's Claim." A defendant in a small claims action acts voluntarily when she elects to pursue her claims against the plaintiff in the same proceeding, and she does so with clear, unequivocal notice that, by her election to take advantage of the small claims procedure, she gives up (as did the plaintiff) her right to appeal an adverse judgment on her own claim. (See *Davis* v. *Superior Court, supra,* 102 Cal.App.3d at p. 169, and compare *Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76 [65 Cal.Rptr. 65, 435 P.2d 825], decided when cross-claims

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] Prior to the 1989 amendment, subdivision (b) of section 117.8 provided that:

"The defendant may appeal the judgment to the superior court . . . , provided that, if the defendant seeks any affirmative relief by way of a claim in the small claims court, he shall not have the right to appeal from the judgment on the claim." (Historical Note, 13 West's Ann. Code. Civ. Proc., 117.8 (1990 pocket supp.) § 117.8, p. 23 [Deering's Ann. Code Civ. Proc., 117.8 (1990 pocket supp.) p.57.])

In our view, the amendment made no substantive change and simply restated the rule with fewer words.

were mandatory and thus lost if not filed in small claims court.) Accordingly, the trial court should have refused to admit Blaskovich's evidence of her expenses.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent court (1) to vacate its judgment (order) of July 2, 1990, and (2) to conduct a new trial de novo without admitting or considering in any fashion evidence or argument about the items claimed in Blaskovich's "Defendant's Claim."

Devich, Acting P. J., and Ortega, J., concurred.