[No. C015803. Third Dist. Mar. 1, 1994.]

TOWNSHIP HOMES, INC., Petitioner, v.
THE SUPERIOR COURT OF PLACER COUNTY, Respondent;
JONNI A. SPEHAR, Real Party in Interest.

**COUNSEL**

David A. Short for Petitioner.

No appearance for Respondent.

Jonni A. Spehar, in pro. per., for Real Party in Interest.

**OPINION**

**SPARKS, Acting P. J.**—In this writ proceeding we consider the jurisdiction of the superior court under the recently reenacted statutes governing small claims courts to make an affirmative award to a defendant appealing from a small claims judgment in favor of plaintiff where the defendant also suffered an adverse judgment on her own claim. (Code Civ. Proc., § 116.110 et seq.

[all further statutory references are to this code].) We hold that the superior court lacks jurisdiction to enter an affirmative award of damages in these circumstances. But parting company from *Anderson* v. *Superior Court* (1990) 226 Cal.App.3d 698 [276 Cal.Rptr. 18], we further hold that the superior court does have jurisdiction to offset the defendant's claim against the plaintiff's award.

Petitioner Township Homes, Inc., plaintiff below, seeks a writ of mandate directing the respondent superior court to set aside its judgment following trial de novo from a small claims court judgment. The respondent court awarded real party in interest Jonni A. Spehar, defendant below, a net judgment of $638 despite the fact that she had lost on her claim in the small claims court. We shall reverse with directions.

FACTUAL AND PROCEDURAL HISTORY

Township Homes, Inc., as the seller, and Jonni A. Spehar (real party in interest), as the buyer, entered into a real estate purchase agreement in 1991 for a residence at 2309 Bunker Drive in Rocklin. On March 27, 1991, the parties entered into a separate withhold agreement "to provide for items of work not complete or corrected by the close of the purchase and sale." Under the terms of this agreement, it was "contemplated that certain corrective work will not be complete at the close of the purchase and sale." As a result, the "sum of $2,000 is to be withheld by Buyer [Spehar] from Seller [Township] at close until the corrective work is completed to Buyer's satisfaction." In addition, defendant agreed to pay plaintiff for installation of a cabinet and patio skylight.

Thereafter, plaintiff submitted an itemized invoice to defendant in the amount of $2,681 for performance of the repairs and installations. When defendant failed to pay, plaintiff filed a "plaintiff's claim" in the small claims court against defendant, seeking damages in the amount of $2,681. Defendant responded by filing a "defendant's claim," seeking $5,000 for incomplete warranty repairs.[1] During the small claims trial, defendant submitted to the court an itemized list of repairs allegedly owed under the warranty, totaling $7,535. The small claims court awarded plaintiff $1,000 on its claim but ordered that defendant take nothing on her claim.

---

[1]Under the Small Claims Act, the original pleading filed by the plaintiff is called a "claim" rather than a complaint. (§ 116.320.) A defendant's pleading seeking affirmative relief is similarly called a "claim" instead of a cross-complaint or counterclaim. (§ 116.360.) The Judicial Council of California has adopted form pleadings entitled, respectively, "plaintiff's claim" and "defendant's claim," for use in small claims actions. (See Judicial Council of Cal., form SC-100 (Jan. 1, 1993 rev.) & form SC-120 (Jan. 1, 1992 rev.).) For consistency, we shall use those terms in this opinion.

Defendant appealed from the small claims judgment. At the trial de novo in the superior court, plaintiff again presented evidence regarding the completed repairs and installations. Defendant once again responded with evidence regarding warranty repairs required at the residence, and submitted a similar itemized list of repairs, this time totaling $7,319, including a $4,000 item entitled "[r]epair drainage/replace plants." The respondent court found that plaintiff promised in the real estate sale contract to provide a written home warranty and thus was required to correct defects in the residence. However, defendant had agreed to provide her own grading and landscaping, so plaintiff was not responsible for the $4,000 for drainage repair. Accordingly, respondent court entered judgment in favor of defendant in the amount of $3,319, offset by $2,681 owed plaintiff for repairs, for a net judgment of $638.

In response to plaintiff's objection that *Anderson* v. *Superior Court, supra,* 226 Cal.App.3d 698, precludes the superior court both from considering defendant's evidence regarding repairs and from entering an affirmative award of damages for her, respondent court reasoned that *Anderson* has been "overruled" by section 116.770, subdivision (d), regarding the scope of the hearing on appeal.

Plaintiff sought review of the respondent court's judgment by petition for writ of mandate.[2] We issued an alternative writ to consider the issue and shall direct a writ of mandate to issue.

### DISCUSSION

■ Defendant contends the respondent court properly construed provisions of the Small Claims Act as "overruling" *Anderson* v. *Superior Court, supra,* 226 Cal.App.3d 698. Plaintiff counters that *Anderson* survives to the extent it holds the superior court may not award affirmative damages to a defendant who lost on his claim in the small claims court. But that portion of *Anderson* which held the trial de novo was to be conducted without admitting or considering evidence of the losing party's claim was abrogated by the statutory amendment. We agree with plaintiff's reading of the statute and its amendments.

---

[2]Under the Small Claims Act, a judgment of a superior court following a de novo hearing is not appealable. "The judgment of the superior court after a hearing on appeal [from a small claims court judgment] is final and not appealable." (§ 116.780, subd. (a).) But, "[s]ince statewide precedents can only be created by appellate courts, jurisdiction to decide appropriate small claims court issues must be retained by appellate courts [by extraordinary writ] in order to secure uniformity in the operations of the small claims courts and uniform interpretation of the statutes governing them." (*Davis* v. *Superior Court* (1980) 102 Cal.App.3d 164, 168 [162 Cal.Rptr. 167].)

In construing a statute, we look first to the plain language in order to ascertain the Legislature's intent. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) "The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. . . . An interpretation that renders related provisions nugatory must be avoided . . . ; each sentence must be read not in isolation but in the light of the statutory scheme . . . ; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299], citations omitted.) Although changes to a statute by amendment must be presumed to have a purpose (*Times Mirror Co. v. Superior Court* (1991) 53 Cal.3d 1325, 1337 [283 Cal.Rptr. 893, 813 P.2d 240]), that purpose is not necessarily to change the law. "While an intention to change the law is usually inferred from a material change in the language of the statute . . . , a consideration of the surrounding circumstances may indicate, on the other hand, that the amendment was merely the result of a legislative attempt to clarify the true meaning of the statute." (*Martin v. California Mut. B. & L. Assn.* (1941) 18 Cal.2d 478, 484 [116 P.2d 71], citations omitted.)

Small claims court procedures have long precluded the plaintiff from appealing an adverse judgment on the plaintiff's claim while permitting the defendant to appeal. In upholding the constitutionality of this scheme in *Superior Wheeler C. Corp. v. Superior Court* (1928) 203 Cal. 384, 387 [264 P. 488], the high court explained that although plaintiffs voluntarily choose the trade-off of a quick and inexpensive method of trial and judgment in exchange for forfeiting the right to jury trial and appeal, defendants do not.

In *Skaff v. Small Claims Court* (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65, 435 P.2d 825], the California Supreme Court held further that a plaintiff against whom a successful counterclaim has been filed should be regarded as a "defendant" and entitled to appeal from the judgment on the counterclaim. The court rejected an argument that its decision improperly grants the plaintiff " 'two chances to win.' " (*Id.* at p. 80.) "Of course this would be true; if the party defending against a counterclaim loses in small claims court and is to enjoy the option of seeking *de novo* review in the superior court, he would have 'two chances to win.' But respondent's contention fails because the statutory scheme, which provides the right to appeal for 'defendants' but denies it to 'plaintiffs,' rests on the concept that some parties should have two chances to win and others should be bound by the small claims court's decision." (*Ibid.*)

In *Davis* v. *Superior Court, supra*, 102 Cal.App.3d 164, 170, the appellate court held that, although a small claims defendant who has filed a cross-complaint may appeal an adverse judgment on the plaintiff's claim, the superior court lacks jurisdiction to consider the defendant's appeal from the judgment on the cross-complaint. "[A] defendant presenting a cross-complaint in small claims court is a voluntary claimant seeking to have his claim adjudicated in the informal setting of the small claims court. As a voluntary claimant he, like the plaintiff, gives up his right to appeal on the cross-complaint." (*Ibid.*) The court relied on the plain language of former section 117.8, subdivision (a), which provided in pertinent part, ". . . if the defendant seeks any affirmative relief by way of a claim in the small claims court, he shall not have the right to appeal from the judgment on the claim." (Stats. 1976, ch. 1289, § 2, p. 5769.)

In the 1989-1990 Regular Session, the Legislature enacted Senate Bill No. 2627, which organized the existing small claims court law into "The Small Claims Act," a single chapter of the Code of Civil Procedure (§ 116.110 et seq.; ch. 5.5 of tit. 1 of pt. 1). (Stats. 1990, ch. 1305, § 3.) Although the Legislature repealed former section 117.8, the act contains new provisions regarding the right to appeal which have the same effect. Thus, "[t]he plaintiff in a small claims action shall have no right to appeal the judgment on the plaintiff's claim . . ." and "[t]he defendant with respect to the plaintiff's claim, and a plaintiff with respect to a claim of the defendant, may appeal the judgment to the superior court in the county in which the action was heard." (§ 116.710, subds. (a), (b).) " 'Plaintiff' means the party who has filed a small claims action; *the term includes a defendant who has filed a claim against a plaintiff*," and " '[d]efendant means the party against whom the plaintiff has filed a small claims action; *the term includes a plaintiff against whom a defendant has filed a claim*." (§ 116.130, subds. (a), (b), italics added.) Read together, the plain language of sections 116.130 and 116.710 demonstrates the Legislature intended to preserve the holding in *Davis* v. *Superior Court, supra*, 102 Cal.App.3d 164, that a defendant may not appeal an adverse judgment on his or her claim.

But the act also added section 116.770, subdivision (a), which provided, "[o]n appeal to the superior court, the claims of all parties shall be heard anew," and subdivision (d), which provided: "The superior court shall hear anew the claims against all defendants who are parties to the small claims action at the time any one of them files a notice of appeal. The superior court shall also rehear the claim of a defendant which was heard in the small

claims court."[3] (Stats. 1990, ch. 1305, § 3.) Defendant would have us construe this language as providing jurisdiction for the superior court to enter an affirmative award of damages for a defendant who appeals after suffering an adverse judgment on the defendant's claim. Such a construction would abrogate the holding in *Davis* as well as impermissibly negate the plain language of sections 116.130 and 116.710.

The Legislature derived the language of the 1990 version of subdivision (a) of section 116.770 from former section 117.10, which provided in pertinent part: "On appeal the claims of all parties shall be tried anew." (Stats. 1989, ch. 1416, § 7, p. 6224.) To this the 1990 Legislature added subdivision (d), which as we have noted, provided that the superior court "shall also rehear the claim of a defendant which was heard in the small claims court." (Stats. 1990, ch. 1305, § 3.) The language of the 1990 version of section 116.770 simply clarified the scope of the superior court's review of the parties' claims on appeal from small claims court. Thus, the superior court must rehear the defendant's claim in order to determine whether to enter judgment in favor of the plaintiff. However, construing former section 116.770 in harmony with the other provisions of the act, the superior court remains limited by sections 116.130 and 116.710 from entering an affirmative award of damages to a defendant appealing a judgment in favor of the plaintiff. In short, the best a defendant can hope for is to have the superior court rely on evidence in support of his claim to offset the plaintiff's claim.

Almost three months after the act was chaptered on September 25, 1990, but a few weeks before the January 1, 1991, effective date of the act, the Court of Appeal decided *Anderson v. Superior Court, supra,* 226 Cal.App.3d 698. In *Anderson,* a tenant filed a claim in small claims court to recover her security deposit, and her landlord cross-complained for $798 in cleaning and repair expenses. The small claims court entered judgment of $350 for the tenant and nothing for the landlord, but after a trial de novo on appeal, the superior court entered judgment of nothing for the tenant after considering and accepting the landlord's evidence regarding the repairs and cleaning expenses. (*Id.* at p. 700.)

*Anderson* recited the rule stated in *Davis v. Superior Court, supra,* 102 Cal.App.3d 164, 170, that ". . . when a defendant files a claim, loses to the plaintiff on both the plaintiff's claim and his own claim, and then appeals to

---

[3]In 1991, the Legislature further amended section 116.770 to its present version. It rewrote subdivision (a) to read: "The appeal to the superior court shall consist of a new hearing." It also rewrote subdivision (d) to read: "The scope of the hearing shall include the claims of all parties who were parties to the small claim action at the time the notice of appeal was filed. The hearing shall include the claim of a defendant which was heard in the small claims court." (Stats. 1991, ch. 915, § 25.)

the superior court, the defendant cannot be awarded affirmative relief at the trial de novo." (226 Cal.App.3d at p. 701.) The court then reasoned it necessarily follows that the superior court lacks jurisdiction to reduce the plaintiff's award by an offset based on expenses claimed by the defendant in her claim. The court concluded that because a small claims court defendant knowingly elects to pursue a claim with knowledge she (like the plaintiff) gives up the right to appeal an adverse judgment on her own claim, the superior court should not admit evidence which formed the basis for the defendant's claim. (*Anderson v. Superior Court, supra*, 226 Cal.App.3d at pp. 701-702.) "In our view, the conclusion follows necessarily that the trial court had no jurisdiction to do indirectly that which it is prohibited from doing directly—it could not reduce [plaintiff's] award by an offset based upon the expenses claimed by [defendant] in her 'Defendant's Claim.' " (*Id.* at p. 701.)

We need not decide whether the conclusion in *Anderson v. Superior Court, supra*, 226 Cal.App.3d 698, is logically consistent with prior decisions or statutes in effect at the time it was decided. The *Anderson* court did not consider the yet uncodified act and thus did not address the effect of the 1990 amendments. As we have explained, these amendments clarified existing law to indicate that a superior court reviewing an appeal of a judgment favorable to the plaintiff must hear anew the defendant's claim in order to determine whether to enter judgment in favor of the plaintiff.[4] It would be utterly pointless to hear the "claim of a defendant" in the de novo hearing if that claim were to be deemed legally immaterial and could not reduce the winning party's claim or otherwise have any bearing on the case. This is particularly true in light of the fact that a defendant's claim is not required to relate to the contract, transaction, matter or event which is the subject of the plaintiff's claims. (§§ 116.360, subd. (a). See also § 116.390, subd. (a); 426.60, subd. (b).) Consequently, such a construction would read both the 1990 and present version of subdivision (d) of section 116.770 out of the act.

Our conclusion is buttressed by a subsequent amendment to section 116.770. In 1991, the Legislature amended subdivision (a) to provide, "[t]he appeal to the superior court shall consist of a new hearing," and subdivision (d) to provide: "The scope of the hearing shall include the claims of all parties who were parties to the small claims action at the time the notice of

---

[4]The Legislature's clarification of the law also relieves superior courts from performing what may have proved to be an impossible task, apparently required by *Anderson v. Superior Court, supra*, 226 Cal.App.3d 698, of separating a defendant's contentions in support of his defense from his contentions in support of his claim. Thus, for example, in this case, defendant contended plaintiff breached its agreement to provide a home warranty. Plaintiff's breach of contract was the basis for both defendant's claim and her defense to plaintiff's complaint. (See 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 796, p. 719.)

appeal was filed. The hearing shall include the claim of a defendant which was heard in the small claims court." (Stats. 1991, ch. 915, § 25.) The Legislature's emphasis that review by the superior court is a "new hearing" is consistent with the requirement that the superior court consider the defendant's claim. The sole limitation on the superior court's jurisdiction is that the court may not enter an affirmative award of damages in favor of a defendant who has appealed from an adverse judgment on plaintiff's claim.

We hold therefore that the respondent superior court exceeded its jurisdiction by awarding damages to defendant on her appeal from the judgment in favor of plaintiff. However, the record demonstrates the respondent court accepted defendant's claim, i.e., that plaintiff breached its agreement to provide a home warranty, damaging defendant in the amount of $3,319. Thus, the respondent superior court acted within its jurisdiction to the extent it offset plaintiff's claim by a portion of defendant's claim and, accordingly, properly reduced the judgment in favor of plaintiff to zero.

## DISPOSITION

Let a peremptory writ of mandate issue directing the respondent superior court to vacate its judgment of December 30, 1992, and to enter a new judgment specifying that plaintiff shall recover nothing on its "plaintiff's claim," and defendant shall recover nothing on her "defendant's claim." The award of costs in the December 30, 1992, judgment, not challenged in this petition, shall be as stated in that judgment. The parties shall bear their own costs of this original proceeding.

Nicholson, J., and Raye, J., concurred.