Opinion
 

 WALKER, J.
 

 A plaintiff who chooses small claims court instead of the municipal court gives up the right to appeal an adverse decision by the
 
 *1099
 
 chosen court; only a small claims court defendant may appeal. (Code Civ. Proc., § 116.710, subds. (a) & (b).)
 
 [1]
 
 This rule applies also to a small claims court defendant who files a defendant’s claim against the plaintiff; only the original plaintiff, “defendant” on the defendant’s claim, may appeal it.
 
 (Davis
 
 v.
 
 Superior Court
 
 (1980) 102 Cal.App.3d 164, 170 [162 Cal.Rptr. 167]
 
 (Davis).)
 
 In this case, the small claims court awarded $1,000 plus $21 in costs to tenants on their claim against their landlord and awarded exactly the same amount to the landlord on his defendant’s claim against the tenants. The landlord contends that the small claims court should instead have awarded nothing to each side and then neither side should have been allowed to appeal to the superior court for a trial de novo.
 

 The superior court, hearing the tenants’ appeal in a trial de novo, awarded them $1,000, plus $21 in costs, but rejected the landlord’s claim against them. We consider here the landlord’s contention that the superior court erred in conducting a trial de novo. We also consider whether, as suggested by
 
 Township Homes, Inc.
 
 v.
 
 Superior Court
 
 (1994) 22 Cal.App.4th 1587 [27 Cal.Rptr.2d 852]
 
 (Township Homes),
 
 the superior court improperly entered a money judgment in favor of the tenants, who were appellants in the superior court proceeding. According to
 
 Township Homes,
 
 defendant/appellants may assert their affirmative claim only for purposes of a setoff and may not secure a monetary award in a trial de novo.
 

 We conclude that the superior court acted correctly in conducting a trial de novo and in entering a monetary award for the tenants. We disagree with
 
 Township Homes
 
 insofar as it bars an affirmative award on the claim of a small claims court defendant/appellant. As we read the statutes, if both sides have filed claims and either appeals the other’s claim, the superior court will fully retry all claims. We deny the landlord’s petition for writ of mandate.
 
 [2]
 

 Facts and Procedural History
 

 In June 1996, Ike and Tina Obinna filed a claim in small claims court against their landlord, George A. Linton, seeking $1,250 as a refund of their rental deposit. They assert by declaration that they made a refundable deposit in a rent-to-own deal and were forced to withdraw their offer
 
 *1100
 
 because they could not afford to purchase the premises. Linton responded immediately with his “defendant’s claim” for $1,562, including $850 allegedly due as rent, $600 for dying the carpet and $112 to readvertise the premises.
 

 Following hearing, the small claims court entered judgment for $1,000 plus $21 costs for the Obinnas and an identical judgment for Linton.
 

 The Obinnas appealed to the superior court, but Linton did not. After trial de novo on the appeal, the superior court entered judgment of $1,000 plus $21 costs in favor of the Obinnas on their claim and judgment in favor of the Obinnas on Linton’s claim against them. The court ordered that Linton take nothing and awarded total judgment for the Obinnas of $1,021.
 

 Linton then moved the superior court to vacate its judgment. The court denied the motion. This petition followed. We solicited opposition from the Obinnas and are now prepared to decide the matter.
 
 [3]
 

 Small Claims Court Law
 

 “The small claims court was created to provide a speedy, inexpensive, and informal method of resolving disputes involving relatively small sums of money, without attorneys or conventional legal procedure.” (Cal. Judges Benchbook, Small Claims Court and Consumer Law (1994) pp. 1-2 (Benchbook).)
 

 A plaintiff commences a small claims action by filing a claim within the jurisdictional limits of the court. (§ 116.320.) A defendant may then file a claim against the plaintiff in the same action. The defendant’s claim must also be within the court’s monetary limits, but it need not relate to the same subject matter or event as the plaintiff’s claim. (§ 116.360.) In rendering judgment, “[i]f the defendant has filed a claim against the plaintiff, or if the judgment is against two or more defendants, the judgment, and the statement of decision if one is rendered, shall specify the basis for and the character and amount of the liability of each of the parties, including, in the case of multiple judgment debtors, whether the liability of each is joint or several.” (§ 116.610, subd. (d); Benchbook,
 
 supra,
 
 § 7.4, p. 183.)
 

 Pursuant to section 116.710, “(a) The plaintiff in a small claims action shall have no right to appeal the judgment on the plaintiff’s claim . ... FID (b) The defendant with respect to the plaintiff’s claim, and a plaintiff with
 
 *1101
 
 respect to a claim of the defendant, may appeal the judgment to the superior court in the county in which the action was heard.” For purposes of small claims court law, “(a) ‘Plaintiff’ means the party who has filed a small claims action; the term includes a defendant who has filed a claim against a plaintiff. [H (b) ‘Defendant’ means the party against whom the plaintiff has filed a small claims action; the term includes a plaintiff against whom a defendant has filed a claim.” (§ 116.130.)
 

 Section 116.770 provides that “(a) [t]he appeal to the superior court shall consist of a new hearing” whose scope, “(d). . . shall include the claims of all parties who were parties to the small claims action at the time the notice of appeal was filed. The hearing shall include the claim of a defendant which was heard in the small claims court.”
 

 Contentions
 

 Linton contends that the Obinnas’ appeal to the superior court contravened section 116.710, subdivisions (a) and (b) and that the superior court exceeded its jurisdiction by hearing the appeal and entering judgment for the Obinnas. He asserts that the small claims court had no discretion to phrase the judgment in such a way as to generate an appeal. The small claims court should have left the parties where it found them, awarding nothing to either side. When neither litigant recovers, neither is aggrieved by the other’s claim and neither has a right to appeal, according to Linton. He argues that the small claims court should apply the same rule as for other civil actions. The court should render a single net judgment, not separate judgments for plaintiff and defendant.
 

 Statutory Analysis
 

 Linton ignores the wording of section 116.610, subdivision (d), quoted above, which directs the small claims court to specify the basis for and the character and amount of the liability of each of the parties when a defendant files a claim against the plaintiff. The small claims court benchbook elaborates on this statutory directive: “If the defendant also has a claim, the judgment should reflect a separate adjudication of each party’s claim, as it does in other civil actions. The small claims judge should avoid a lump-sum judgment. Separately stating the amount awarded to each party makes the decision more understandable to the parties and to any judge who hears the case on appeal.” (Benchbook,
 
 supra,
 
 §7.14, p. 189.)
 

 The small claims court complied with the directive of the statute and with the benchbook’s advice. For his contradictory view, Linton relies upon
 
 *1102
 
 appellate opinions, some involving section 666,
 
 [4]
 
 which he reads as requiring courts to enter a single indivisible judgment. The authorities he cites show, at most, however, that the recipient of the net award will be considered the prevailing party for an award of costs or prejudgment interest.
 
 [5]
 
 He has cited no authority prohibiting separate awards and none involving small claims actions, which are governed by different considerations and different statutes.
 

 It is clear that the small claims court formulated its award in accordance with the governing statutes. It follows, then, that the Obinnas properly appealed for trial de novo on Linton’s $1,021 award against them and that the superior court properly took jurisdiction and properly reheard the claim. As required by section 116.770, the superior court hearing also included trial de novo of the Obinnas’ own claim against Linton.
 
 [6]
 
 The superior court’s award of $1,021 to the Obinnas was correct in all respects unless the court was compelled to apply
 
 Township Homes'%
 
 contradictory interpretation of the law.
 

 Township Homes
 

 While researching Linton’s arguments, we discovered the Third Appellate District’s opinion in
 
 Township Homes, supra,
 
 22 Cal.App.4th 1587, which casts considerable doubt upon the superior court’s affirmative award for the Obinnas. We requested from the Obinnas points and authorities in opposition to the petition and we expressed our concerns about the superior court’s award. The Obinnas’ reply presented grounds for distinguishing
 
 Township Homes.
 
 We believe, however, that relying upon a factual distinction between this case and
 
 Township Homes
 
 would disserve the development of small claims court law.
 
 Township Homes
 
 applied a rule with no statutory basis and
 
 *1103
 
 no other sound support. We respectfully decline to follow this aspect of
 
 Township Homes.
 

 [7]
 

 Township Homes
 
 involved a dispute between the seller and the buyer of a home in Rocklin. Seller filed a small claims court action to be reimbursed for repairs and for installing a cabinet and skylight. Buyer filed a defendant’s claim, alleging seller’s failure to complete warranty repairs. The small claims court awarded seller $1,000 on its claim but ordered that buyer take nothing on hers. Buyer appealed and the superior court made an award in buyer’s favor for $3,319, offset this award by $2,681 buyer owed seller for repairs, and made a net award to buyer of $638. Thus, the buyer/appellant, who had lost both her claim and the seller’s claim and owed $1,000 in small claims court came out $638 ahead because she appealed for a trial de novo. (22 Cal.App.4th at pp. 1589-1590.)
 

 Township Homes
 
 analyzed the statutes and evolving case law and concluded that the buyer/appellant could use her claim as an offset in the de novo trial on the seller’s claim, but could not use it to obtain an affirmative award in superior court. The appellate court ordered the superior court to reduce buyer’s award to zero. (22 Cal.App.4th at pp. 1590-1595.) At this point in the analysis, we note the parallel posture of our case. The superior court did not merely treat tenant/appellant Obinnas’ claim as an offset to the claim by Linton, from which the Obinnas had appealed. The superior court entered an affirmative award of $1,021 for the Obinnas on their claim. The superior court did for the tenant/appellant Obinnas what
 
 Township Homes
 
 would not permit the Placer County Superior Court to do for the buyer/ appellant.
 

 Township Homes's
 
 analysis began by noting that “[s]mall claims court procedures have long precluded the plaintiff from appealing an adverse judgment on the plaintiff’s claim while permitting the defendant to appeal,]” a result found constitutional because “although plaintiffs voluntarily choose the trade-off of a quick and inexpensive method of trial and judgment in exchange for forfeiting the right to jury trial and appeal, defendants do not.”
 
 (Township Homes, supra,
 
 22 Cal.App.4th at p. 1591.) The court then cited and quoted from this division’s opinion in
 
 Davis, supra,
 
 102 Cal.App.3d 164, which held that a small claims defendant could not appeal an adverse decision on his own affirmative claim.
 
 Township Homes
 
 then noted recent changes in the small claims statutes intended to preserve our
 
 Davis
 
 holding.
 
 (Township Homes, supra,
 
 22 Cal.App.4th at p. 1592.) Up to that point in its analysis
 
 Township Homes's
 
 reasoning was sound.
 

 
 *1104
 
 The court then considered section 116.770, added in 1990 (Stats. 1990, ch. 1305, § 3, pp. 5612-5613), to provide in subdivision (a) that on appeal “the claims of all parties shall be heard anew” and in subdivision (d) that the court shall rehear the claim of a defendant which was heard in small claims court. Purporting to preserve our
 
 Davis
 
 holding,
 
 Township Homes
 
 rejected the buyer’s construction of section 116.770. The buyer’s construction, with which we agree, would have permitted trial de novo on all issues raised in the seller’s claim and all issues involving buyer’s claim and would have permitted any appropriate award on the claims, including an affirmative award to the appellant.
 
 (Township Homes, supra,
 
 22 Cal.App.4th at pp. 1593-1595.)
 

 With little explanation of its analysis,
 
 Township Homes
 
 held that “. . . the superior court remains limited by sections 116.130 and 116.710 from entering an affirmative award of damages to a defendant appealing a judgment in favor of the plaintiff.” (22 Cal.App.4th at pp. 1593.)
 

 We disagree with
 
 Township Homes's
 
 interpretation of the statutes. The statutes neither explicitly nor implicitly impose such a limitation. Section 116.130 merely defines small claims court terms, stating that the term “plaintiff’ includes a defendant who has filed a claim against a plaintiff (subd. (a)) and the term “defendant” includes a plaintiff against whom a defendant has filed a claim (subd. (b)). Section 116.710, which we quoted earlier in the opinion
 
 (ante,
 
 at p. 1101), provides for appeals by defendants but not by plaintiffs. These statutory definitions and appeal rights do not address the scope of the appeal hearing or the superior court’s authority to award damages during a trial de novo.
 

 Township Homes
 
 dismissed section 116.770’s injunction that the court “rehear the claim of a defendant” by stating that this meant only that the court “must rehear the defendant’s claim in order to determine whether to enter judgment in favor of the plaintiff.” (22 Cal.App.4th at p. 1593.) Without attributing the limitation’s source, the court read into the statute an undue limitation on the scope of the rehearing on the defendant’s claim.
 

 As it is not found in the statute,
 
 Township Homes’s
 
 limitation must have stemmed from its perception that it would be unfair for the buyer to lose her affirmative claim in small claims court and then revive her lost claim during an appeal for trial de novo in superior court.
 
 Township Homes
 
 apparently found it fair or not too unfair for the buyer to revive her claim as a setoff but unfair for a court to award her money based on the revived claim.
 

 The Obinnas suggest that
 
 Township Homes
 
 is distinguishable because they have not revived a claim they lost in small claims court. In
 
 Township Homes
 
 
 *1105
 
 the buyer/appellant lost in small claims court both her affirmative claim and the claim against her, whereas tenant/appellant Obinnas won their affirmative claim in small claims court and merely preserved it in superior court while defeating Linton’s claim against them. This may be a valid factual distinction and may justify the Contra Costa Superior Court’s failure to follow
 
 Township Homes.
 
 Even the
 
 Township Homes
 
 court might have applied a different rule had it addressed Obinnas’ facts.
 

 We consider it important, however, to address the validity of
 
 Township Homes’s
 
 holding, which prohibits affirmative awards for appellants in small claims actions. The prohibition imposes a peculiar restriction on the scope of a de novo superior court trial. Without textual support,
 
 Township Homes
 
 has, in effect, amended the Legislature’s directive to “rehear the claim of a defendant” and has prescribed an unprecedented partial hearing of the claim.
 

 The scope of the trial de novo in a crisscrossing claims case, specifically the Obinnas’ and other appellants’ opportunity to recover on their claims in a trial de novo should not depend upon whether their opponent has also filed an appeal, as it does under the
 
 Township Homes
 
 prohibition.
 
 [8]
 
 The Legislature has decreed that if only plaintiff has filed a claim only a defendant may institute an appeal. However, as we read the statutes, if both sides have filed
 
 *1106
 
 claims, either may appeal the other’s claim and the superior court will fully retry all claims.
 
 [9]
 

 Had Linton wished to prevent the Obinnas from taking their claim beyond the small claims court, he could have done so by forgoing his own claim. Having filed his claim, however, he could not deny the Obinnas the opportunity to recover in superior court on their claim. For better or for worse, he gave them a second choice of courts.
 

 The petition for a peremptory writ of mandate is denied.
 

 Phelan, P. J., and Corrigan, J., concurred.
 

 Petitioner’s application for review by the Supreme Court was denied May 21,1997. Kennard, J., and Brown, J., were of the opinion that the application should be granted.
 

 [1]
 

 All statutory references are to the Code of Civil Procedure.
 

 [2]
 

 Appeal may not be taken from a superior court’s de novo ruling. (§ 116.780, subd. (a).) Neither will an appellate court entertain a writ petition merely to consider a claim the superior court erred. The appellate courts may intervene, however, “in order to secure uniformity in the operations of the small claims courts and uniform interpretation of the statutes governing them.”
 
 (Davis, supra,
 
 102 Cal.App.3d at p. 168.) We have addressed this petition by published opinion to guide the superior courts in handling appeals when both sides have filed claims in the small claims court.
 

 [3]
 

 We have not issued an alternative writ or requested oral argument because the legal issues are straightforward and we prefer not to increase the parties’ expenses for this litigation.
 

 [4]
 

 “If a claim asserted in a cross-complaint is established at the trial and the amount so established exceeds the demand established by the party against whom the cross-complaint is asserted, judgment for the party asserting the cross-complaint must be given for the excess; or if it appears that the party asserting the cross-complaint is entitled to any other affirmative relief, judgment must be given accordingly. . . .” (§ 666.)
 

 [5]
 

 Gerstein
 
 v.
 
 Smirl
 
 (1945) 70 Cal.App.2d 238, 240 [160 P.2d 585], and
 
 Shelley
 
 v.
 
 Hart
 
 (1931) 112 Cal.App. 231, 243 [297 P. 82], applied the net judgment principle in determining who should recover costs. Neither
 
 KGM Harvesting Co.
 
 v.
 
 Fresh Network
 
 (1995) 36 Cal.App.4th 376, 380 [42 Cal.Rptr.2d 286], nor
 
 Boyd
 
 v.
 
 Oscar Fisher Co.
 
 (1989) 210 Cal.App.3d 368, 372, 383 [258 Cal.Rptr. 473], mentioned the net judgment requirement, but both appeared to apply it in determining who receives prejudgment interest or costs.
 

 [6]
 

 Section 116.770, subdivision (d) provides in part: “[T]he hearing shall include the claim of a defendant which was heard in the small claims court.” Although they originally were plaintiffs, in this appeal, the Obinnas were “defendants” because they were appealing Linton’s claim against them. Subdivision (d) calls for simultaneously rehearing their claim against Linton along with the appealed claim.
 

 [7]
 

 The California Department of Consumer Affairs recently analyzed the statutes and reached the same conclusion about
 
 Township Homes.
 
 (See 1 Consumer Law Sourcebook (1996) §§ 15.41, 15.57, pp. 276-278, 282-284.)
 

 [8]
 

 Although
 
 Township Homes’s
 
 prohibition on affirmative awards for appellants may appear logical and fair in some respects, in others it appears arbitrary and unfair. With this prohibition in force, a litigant’s ability to secure an affirmative award on appeal would depend largely upon luck. It would depend upon whether the opponent also appealed, an entirely fortuitous event in many cases.
 

 Had Linton appealed in this case and had the seller appealed in
 
 Township Homes,
 
 the issue of an affirmative award to the appellant would never have arisen in either case. The Obinnas could have reasserted their claim in Linton’s appeal and the buyer in
 
 Township Homes
 
 could have reasserted her claim in the seller’s appeal. Both the Obinnas and the buyer in
 
 Township Homes
 
 would have been entitled to an affirmative award from the superior court if the other side had appealed. The scope of the de novo trial should not depend upon whether one party has had the foresight or good luck not to appeal.
 

 Linton’s failure to appeal and the
 
 Township Homes
 
 seller’s failure to appeal may have been due more to luck than analysis or acceptance of the small claims court’s result. Given that litigants are not permitted to use attorneys in small claims court, luck, not foresight, will often dictate the result. Luck and a little knowledge could prevent even a sorely aggrieved litigant from appealing an opponent’s successful claim.
 

 A litigant with no knowledge of the statutes probably would appeal reflexively, detrimentally if he were Linton and the
 
 Township Homes
 
 prohibition applied. On the other hand, a litigant with a little knowledge of the statutes but not of
 
 Township Homes
 
 might have the good fortune to mistakenly think a cross-appeal would be redundant. A litigant like Linton reading only the statutes would reasonably expect that the Obinnas’ appeal would reopen their claim against him. He might then not bother to file his own appeal from their claim. If he made this lucky assumption he would then reap an unexpected
 
 Township Homes
 
 dividend. He would deprive the Obinnas of the opportunity to recover on their affirmative claim. By failing to appeal, he would be better off than had he appealed, a curious result for an aggrieved litigant.
 

 [9]
 

 We recognize that permitting a full retrial in superior court sows the seeds for possible abuse. A plaintiff unsatisfied with the results on a large claim could take another chance in superior court even if the defendant had recovered only $5 on a small defendant’s claim. However, risks are inherent in any trial de novo and the risks run in both directions when claims run both ways. The plaintiff could lose a favorable award from the small claims court and the defendant’s minor claim could produce a major recovery in superior court.