[No. B119380. Second Dist., Div. Four. June 29, 1998.]

UNIVERSAL CITY NISSAN, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ALBERTO MAGDAMO et al., Real Parties in Interest.

**COUNSEL**

Jay S. Belshaw for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

**OPINION**

**EPSTEIN, J.**—The general rule is that a plaintiff or defendant who chooses small claims court foregoes the right to appeal his or her claim to superior court. Formerly, this meant the superior court lacked jurisdiction to grant affirmative relief on a small claims "appeal" of a plaintiff's claim or on a defendant's counterclaim.[1] This rule was changed by the Legislature in 1989. Under present law, the superior court may grant affirmative relief to a plaintiff or counterclaimant who appeals. That is what happened in the case before us, and we affirm the judgment.

---

[1] Code of Civil Procedure section 116.360 refers to a defendant's claim as a counterclaim, not as a cross-complaint.

## Factual and Procedural Summary

Universal City Nissan, Inc., filed an action in small claims court alleging that Alberto Magdamo and Victoriana Magdamo owed money on a vehicle purchase contract. The Magdamos filed their own small claims action against Universal City Nissan alleging that it willfully misused their credit information with malicious intent to collect on an unsupported claim. The small claims court entered a judgment for Universal City Nissan on both claims. The Magdamos appealed to the superior court, which ruled that Universal City Nissan was to recover nothing on its claim and granted the Magdamos $2,500 on their claim.

Universal City Nissan sought our intervention. We issued a temporary stay of enforcement of the superior court judgment and granted an alternative writ of mandate. Writ relief is appropriate to review significant issues in small claims law and to ensure uniform interpretation of the governing statutes. (See *Davis* v. *Superior Court* (1980) 102 Cal.App.3d 164, 168 [162 Cal.Rptr. 167].)

## Discussion

Small claims divisions of municipal courts (and, previously, justice courts) were established to promote speedy and inexpensive settlement of disputes. (*Davis* v. *Superior Court, supra,* 102 Cal.App.3d at p. 167.) To further that objective, postjudgment review of actions brought in small claims courts is limited. The "plaintiff in a small claims action shall have no right to appeal the judgment on the plaintiff's claim . . . ." (Code Civ. Proc.,[2] § 116.710, subd. (a).) " 'Plaintiff' means the party who has filed a small claims action; the term includes a defendant who has filed a claim against a plaintiff." (§ 116.130, subd. (a).) In contrast, a defendant in small claims action may appeal an adverse judgment. (§ 116.710, subd. (b).) " 'Defendant' means the party against whom the plaintiff has filed a small claims action; the term includes a plaintiff against whom a defendant has filed a claim." (§ 116.130, subd. (b).) Since the small claims court defendant is not required to bring a claim in order to preserve it, filing a counterclaim is voluntary rather than compulsory. (*Anderson* v. *Superior Court* (1990) 226 Cal.App.3d 698, 701 [276 Cal.Rptr. 18]; § 116.360, subd. (a).)

An appeal of a small claims judgment is heard by the superior court and consists of a new hearing. (§ 116.770, subd. (a).) "The scope of the hearing shall include the claims of all parties who were parties to the small claims action at the time the notice of appeal was filed. The hearing shall include

---

[2]All further statutory citations are to this code.

the claim of a defendant which was heard in the small claims court." (§ 116.770, subd. (d).)

■ A split of authority exists as to whether the restriction on a party's right to appeal his or her own claim precludes the superior court from hearing a claim resolved against the plaintiff or counterclaimant, and from awarding affirmative relief to a claimant who was unsuccessful in the small claims trial.

Both *Davis* v. *Superior Court, supra,* 102 Cal.App.3d 164, 170, and *Anderson* v. *Superior Court, supra,* 226 Cal.App.3d 698, 701, hold the superior court has no jurisdiction to hear an appeal from a party's own claim if that party lost the claim in small claims court. As stated in *Anderson,* the superior court "had no jurisdiction to do indirectly that which it is prohibited from doing directly. . . . A defendant in a small claims action acts voluntarily when she elects to pursue her claim against the plaintiff in the same proceeding, and she does so with clear, unequivocal notice that, by her election to take advantage of the small claims procedure, she gives up (as did the plaintiff) her right to appeal an adverse judgment on her own claim." (*Anderson* v. *Superior Court, supra,* 226 Cal.App.3d at p. 701.)

Agreeing in part, the court in *Township Homes, Inc.* v. *Superior Court* (1994) 22 Cal.App.4th 1587 [27 Cal.Rptr.2d 852], held that a superior court lacks jurisdiction to make an affirmative award to an unsuccessful plaintiff or counterclaimant. Disagreeing with *Davis* and *Anderson,* the *Township Homes* court further held that the superior court could use a party's own previously unsuccessful claim to offset the judgment to zero. (*Id.* at p. 1590.) To reach this conclusion, *Township Homes* looked to the legislative history, and found that ". . . the 1990 version of section 116.770 simply clarified the scope of the superior court's review of the parties' claims on appeal from small claims court. Thus, the superior court must rehear the defendant's claim in order to determine whether to enter judgment in favor of the plaintiff. However, construing former section 116.770 in harmony with the other provisions of the act, the superior court remains limited by sections 116.130 and 116.710 from entering an affirmative award of damages to a defendant appealing a judgment in favor of the plaintiff. In short, the best a defendant can hope for is to have the superior court rely on evidence in support of his claim to offset the plaintiff's claim [to zero]." (*Id.* at p. 1593.) Awarding damages on the plaintiff's claim "impermissibly negate[s] the plain language of sections 116.130 and 116.710" prohibiting a plaintiff from appealing his or her own claim. (*Id.* at p. 1595.)

Advancing beyond offset, in *Linton* v. *Superior Court* (1997) 53 Cal.App.4th 1097, 1099 [62 Cal.Rptr.2d 202], the court read the statutes to

require that "if both sides have filed claims and either appeals the other's claim, the superior court will fully retry all claims." (*Ibid.*) The *Linton* court was concerned that a prohibition on affirmative awards is not always logical or fair, and the scope of a de novo hearing should not depend on whether one party chooses to appeal. (*Id.* at p. 1105, fn. 8.) The court rejected the statutory interpretation in *Township Homes*: "As it is not found in the statute, *Township Homes*'s limitation must have stemmed from its perception that it would be unfair for the buyer to lose her affirmative claim in small claims court and then revive her lost claim during an appeal for trial de novo in superior court." (*Id.* at p. 1104.) "Without textual support, *Township Homes* has, in effect, amended the Legislature's directive to 'rehear the claim of a defendant' and has prescribed an unprecedented partial hearing of the claim." (*Id.* at p. 1105.)

We agree with *Linton*. The text of the statute and its legislative history support the conclusion that a superior court may enter an affirmative award to a plaintiff or counterclaimant who was unsuccessful in small claims court.

■ " '[O]ur first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import . . . . The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.] Where uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation. [Citation.] Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent. . . . [Citations.]' " (*Walnut Creek Manor* v. *Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 268 [284 Cal.Rptr. 718, 814 P.2d 704], quoting *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387 [241 Cal.Rptr. 67, 743 P.2d 1323].)

■ In 1989, the Legislature amended section 117.8, a predecessor to section 116.770. The proposed amendment originally stated: "The defendant *with* respect to the *plaintiff's claim, or the plaintiff with respect to a claim of defendant,* may appeal the judgment to the superior court in the county in which the matter was heard; *provided that, if the defendant seeks any affirmative relief by way of a claim in the small claims court, he shall not have the right to appeal from the judgment on the claim.*" (Assem. Bill No. 157 (1989-1990 Reg. Sess.) § 1.3, as amended July 10, 1989, and May 16, 1989, italics added.) The amendment was changed to exclude the emphasized

clause. (*Ibid.*) Deletion of that clause suggests that the Legislature intended to allow a defendant to seek affirmative relief in the superior court.

The comment by the Assembly Judiciary Committee is more specific, directly stating that a plaintiff's claim or defendant's counterclaim may be revived in superior court: "Existing law permits a losing defendant to appeal a small claims judgment. A plaintiff, by choosing the forum, waives any appeal right. Upon appeal, the claim against the appellant is tried 'de novo.' Cross-claims are permitted in small claims actions and, often, judgments are offset. [¶] The bill would provide that on appeal the claims of all parties shall be tried anew. The stated rationale for this proposal, advanced by Judge Todd of the Orange County Superior Court, is to promote equity. He explains: [¶] 'When a small claims judgment is in the form of an offset (e.g. when there is an award on a claim of defendant which partially offsets an award on the plaintiff's claim), each party may not be aware of the right to appeal which he or she may have because it may appear that there is a single judgment based on a single cause of action. Therefore, a party may inadvertently waive his or her appeal right. This proposal eliminates that possibility by providing that if any party appeals, the claims of all parties shall be heard in the 'de novo' appeal. [¶] The proposal has one glaring side-effect: *It could be used to resurrect the claim of a plaintiff who did not prevail in the small claims court.* For example, plaintiff A sues defendant B for $1000. B cross-complains against A for $1,500. The judge finds for B in the amount of $500, but does not explain his decision. In fact, the judge decided that A's claim was non-meritorious and that B's cross-claim was valid but overstated by $1,000. *Under existing law, A could appeal the adverse judgment of the cross-claim, but could not appeal the ruling against his claim. This bill would provide a trial de novo for both claims in the event of an appeal.*" (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 157 (1989-1990 Reg. Sess.), italics added.)

Section 116.770, subdivision (d), added in 1990, provided: "The superior court shall *hear anew* the claims against all defendants who are parties to the small claims action at the time any one of them files a notice of appeal. The superior court shall also rehear the claim of a defendant which was heard in the small claims court." (Historical Note, 13 West's Ann. Code Civ. Proc. (1998 pocket supp.) § 116.770, p. 58, italics added.) The statute now provides: "The scope of the *hearing shall include* the claims of all parties who were parties to the small claims action at the time the notice of appeal was filed. The hearing shall include the claim of a defendant which was heard in the small claims court." (Italics added.) We find no indication that the 1990 or 1991 amendments were intended to alter the jurisdiction of the superior court. Instead, the Legislature appears to have sought to clarify its intent expressed in 1989 and subsequently misconstrued in the case law.

The result reached in *Davis*, *Anderson*, and *Township Homes* conflicts with the express intent of the Legislature in the history and text of the statute— that full review of an unsuccessful claim or counterclaim is available when a party appeals to superior court.

In the context of this case, the superior court properly heard all claims on appeal. It awarded the Magdamos $2,500 in damages. This award conforms to the superior court's jurisdiction in reviewing a small claims court judgment.

## DISPOSITION

The writ of mandate is denied and the stay is dissolved. Universal City Nissan is to bear its own costs for this proceeding.

Vogel (C. S.), P. J., and Hastings, J., concurred.

Petitioner's application for review by the Supreme Court was denied August 19, 1998. Kennard, J., was of the opinion that the application should be granted.