Filed 7/9/13  Aryeh v. Canon Business Solutions CA2/8
Opinion on remand from Supreme Court
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JAMSHID ARYEH, | B213104 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC 384674) |
| v. | |
| CANON BUSINESS SOLUTIONS, INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert L. Hess, Judge.  Reversed.

Westrup Klick, R. Duane Westrup, Mark L. Van Buskirk, Jennifer L. Conner; Krieger & Krieger, Linda Guthmann Krieger and Terrence B. Krieger for Plaintiff and Appellant.

Dorsey & Whitney, Kent J. Schmidt, John P. Cleveland, Richard H. Silberberg and Robert G. Manson for Defendant and Respondent.

\* \* \* \* \* \*

Jamshid Aryeh appeals from the order dismissing his second amended complaint brought under the unfair competition law (UCL), Business and Professions Code section 17200 et seq.[1]  The trial court sustained respondent Canon Business Solutions, Inc.'s (Canon) general demurrer without leave to amend, ruling that the allegations failed to state a cause of action and that the claim was barred by laches, the applicable statute of limitations set forth in section 17208, and the doctrines of res judicata and collateral estoppel.

We initially affirmed, finding the action barred by the statute of limitations.  The California Supreme Court reversed our decision, concluding instead that continuous accrual principles prevented dismissal on statute of limitations grounds.  (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1189.)  We now reverse the order of dismissal.

## FACTS

Canon sells and leases copiers, scanners, printers and other products to customers. In November 2001, appellant, as an individual and doing business as ABC Copy & Print, entered into an agreement with Canon to lease a black and white copier.  Under the agreement, appellant agreed to pay a monthly fee in return for a monthly copy allowance, and also agreed to pay an additional excess copy charge for each additional copy beyond the monthly allotment.  In February 2002, appellant entered into a second lease agreement with Canon to lease a color copier under similar terms.

Shortly after entering into the copy rental agreements, appellant began noticing that meter readings taken by Canon's field service personnel did not appear to accurately reflect the number of copies actually made on appellant's leased copiers.  Appellant asked Canon numerous times, orally and in writing, to repair the copiers and to take accurate readings, to no avail.  Consequently, appellant began keeping his own records of the number of copies made on each machine and determined he was being charged for

---

[1]     Undesignated statutory citations are to the Business and Professions Code.

2

"test" copies made when Canon service personnel repaired or serviced the machines. Despite appellant's attempts to have Canon correct the "excessive" copying charges, Canon failed to reimburse appellant for such overcharges and also charged him late fees.

## PROCEDURAL HISTORY

On January 31, 2008, appellant filed this suit on behalf of himself and similarly situated persons residing in the State of California who entered into copy rental agreements with Canon and who were overcharged for copies from four years preceding the action to the date of judgment. The complaint essentially alleged the foregoing facts and contained a single cause of action for unfair competition under the UCL. Appellant alleged that Canon knew or should have known it was charging appellant for excessive copies on the leased machines. Appellant sought injunctive relief, restitution and attorney fees.

The trial court sustained general demurrers to appellant's complaint, first amended complaint, and second amended complaint. In addition to the statute of limitations bar, the court concluded the lawsuit was barred based on the laches, res judicata and collateral estoppel doctrines. The court also found that the complaint failed to state a claim under section 17200. This timely appeal followed. As noted, our high court concluded that the continuous accrual doctrine prevented dismissing the lawsuit on statute of limitations grounds. (*Aryeh v. Canon Business Solutions, Inc., supra*, 55 Cal.4th at p. 1189.) We now consider the remaining grounds for dismissal including failure to state a cause of action, laches, and the doctrines of res judicata and collateral estoppel.

## DISCUSSION

When a demurrer is sustained, we ascertain whether the complaint states facts sufficient to constitute a cause of action. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We must deem true all properly pled facts and all facts properly inferred from those expressly alleged. (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501.) We review the decision to sustain a demurrer de novo. (*Ibid*.)

3

## 1. *Aryeh Stated a Claim*

The trial court concluded Aryeh failed to state a claim under section 17200. We disagree, finding that Aryeh has stated a claim for an unfair business practice. For purposes of evaluating this issue we assume that Canon was not permitted under the parties' contract to charge for test copies.

The UCL "defines 'unfair competition' to mean and include 'any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the false advertising law (§ 17500 et seq.)].' (§ 17200.)" (*Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, 949.) "The UCL's purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." (*Ibid.*)

To be unfair "(1) [t]he consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." (*Camacho v. Automobile Club of Southern California* (2006) 142 Cal.App.4th 1394, 1403 (*Camacho*).)[2] "'Whether a practice is . . . unfair is generally a question of fact which requires "consideration and weighing of evidence from both sides" and which usually cannot be made on demurrer. [Citations.]'" (*Klein v. Chevron U.S.A., Inc.,* *supra*, 202 Cal.App.4th at p. 1376, quoting *Linear Technology Corp. v. Applied Materials, Inc.* (2007) 152 Cal.App.4th 115, 134-135.)

Liberally construing the complaint, appellant alleged a cause of action for an unfair business practice. According to the complaint appellant was improperly charged for over 5,000 copies, causing him hundreds of dollars in unfair expenses. No benefit for such injury was alleged or could be understood from the complaint. Appellant alleged

---

**2**      There is a split of authority concerning the definition of unfair, but we follow this Division's test outlined in *Camacho*. (See *Klein v. Chevron U.S.A., Inc.* (2012) 202 Cal.App.4th 1342, 1376, fn. 14 [describing split of authority].) Canon neither argues a different test applies nor that sustaining the demurrer would be appropriate under a different test.

that he attempted to correct this error but respondents refused to reimburse him for the excessive copying charges. Charging hundreds of dollars in excess of the amount allowed is sufficient to allege a substantial injury for purposes of the UCL. (See *Orkin Exterminating Co., Inc. v. F.T.C.* (11th Cir. 1988) 849 F.2d 1354, 1365 [injury may be substantial even if monetary injury to individual customers is small].) Appellant's allegations that he attempted to correct the improper charges are sufficient to withstand Canon's demurrer on the ground that he could have avoided the excess charges. In contrast to a case in which the plaintiff could avoid fees by making timely payments (*Davis v. Ford Motor Credit Co. LLC* (2009) 179 Cal.App.4th 581, 598), Aryeh could not avoid the fees simply by complying with his obligations under the contract (at least as alleged in the complaint).

In *Princess Cruise Lines, Ltd. v. Superior Court* (2009) 179 Cal.App.4th 36, we held that a plaintiff failed to show for purposes of summary judgment that a cruise line's alleged surcharges on the cost of an excursion was unfair because there was no evidence to contradict the defendant's evidence that the surcharges were justified. (*Id*. at p. 46.) This case differs from *Princess* because the standard of review on demurrer requires only that plaintiff allege an unfair business practice. Aryeh was not required to present evidence at this stage of the proceedings and Canon could not present evidence that the surcharges were justified. (*Puentes v. Wells Fargo Home Mortgage, Inc*. (2008) 160 Cal.App.4th 638, 649 [distinguishing sufficiency of UCL claim on demurrer and following summary judgment].)

## 2. *Laches Is Not a Defense at This Stage of the Proceedings*

Laches is an equitable defense that "'"requires unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay."'" (*Estate of Kampen* (2011) 201 Cal.App.4th 971, 997.) Canon does not argue that it was prejudiced but instead argues that Aryeh acquiesced in the challenged conduct by benefitting from his contracts with Canon. The problem with Canon's argument is that the operative complaint alleges just the opposite. Aryeh alleged that he repeatedly requested Canon reverse the charges both orally and in writing and

5

Canon not only refused but charged him additional late fees on fees incurred for the test copies. The allegations in the complaint indicate Aryeh disputed the charges on test copies, not that he acquiesced in that conduct. Aryeh's alleged objections to the conduct is sufficient to withstand demurrer based on laches. (See *Pacific Hills Homeowners Assn. v. Prun* (2008) 160 Cal.App.4th 1557, 1565 [finding no acquiescence when plaintiff had communicated opposition over gate and never changed its position].)

### 3. *Neither Res Judicata Nor Collateral Estoppel Bars the Current Lawsuit*

On July 27, 2005, Canon sued Aryeh in small claims court asserting Aryeh owed respondent $2,152.82 because "[c]ustomer refuses to pay for services and supplies received." The judgment was then appealed, and after a trial de novo judgment was ordered in favor of respondent. In its entirety, the judgment provided: "Judgment is ordered for Canon Business Solutions-West, Inc[.] and against Aryeh, Jamie DBA ABC Painting & Graphic in the sum of $2152.82[,] Costs $52.00[,] Total of $2204,82 and Superior Court Costs in the Sum of $0.00."[3] (Capitalization omitted.)

"'As generally understood, "[t]he doctrine of res judicata gives certain *conclusive effect* to a *former judgment* in subsequent litigation involving the same controversy." [Citation.] The doctrine "has a double aspect." [Citation.] "In its primary aspect," commonly known as claim preclusion, it "operates as a bar to the maintenance of a second suit between the same parties on the same cause of action. [Citation.]" [Citation.] "In its secondary aspect," commonly known as collateral estoppel, "[t]he prior judgment . . . 'operates'" in "a second suit . . . based on a different cause of action . . . 'as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.' [Citation.]" [Citation.] "The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a

---

**3** We take judicial notice of the judgment after trial de novo on appeal in case No. 05W01623 dated December 5, 2005. (Evid. Code, § 452, subd. (d).)

final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding."''" (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.) These doctrines apply to a small claims court judgment if "the record is sufficiently clear to determine that the issue was litigated and decided against the plaintiff in the small claims action." (*Bailey v. Brewer* (2011) 197 Cal.App.4th 781, 791.)

Here, neither the second amended complaint nor documents subject to judicial notice show that the claim of excess charges for copies was litigated in small claims court. Appellant was not required to bring that claim (*Universal City Nissan, Inc. v. Superior Court* (1998) 65 Cal.App.4th 203, 205) and there is no indication that he did.[4] Therefore, Canon failed to show that the lawsuit was barred either by claim preclusion or by res judicata.

---

[4]    In a footnote, Canon argues that the UCL claim should be dismissed under New York law and states that the contract contains a choice of law provision stating that any action is to be governed by New York law. For purposes of this appeal, Canon forfeited this argument by failing to properly supply us with relevant New York law purporting to bar the lawsuit. (*Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal.4th 459, 469, fn. 7 [question becomes one of California law when parties fail to supply the law they argue should be applied].) We express no opinion regarding whether Canon can show in a subsequent proceeding New York law is applicable and bars the current lawsuit.

## DISPOSITION

The order dismissing the case is reversed.  Appellant is entitled to fees on appeal.


FLIER, J.

WE CONCUR:


RUBIN, Acting P. J.


GRIMES, J.